300

**WASHINGTON v. CLEMMER et al.**
**No. 9652.**

United States Court of Appeals
District of Columbia.

Argued April 6, 1948.

Decided May 28, 1948.

Mr. Robert M. Scott, of Washington, D.C. (appointed by this Court) for appellant.

Mr. John D. Lane, Asst. U. S. Atty., of Washington, D.C., with whom Mr. George Morris Fay, U. S. Atty., of Washington, D. C., was on the brief, for appellees. Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellees.

Before CLARK, WILBUR K. MILLER and PROCTOR, Associate Justices.

WILBUR K. MILLER, Associate Justice.

On May 13, 1937, the appellant, Kenneth A. Washington, received two sentences of from two to three years each for the crimes of housebreaking and larceny, the sentences to run concurrently. On June 4, 1937, he received fifteen concurrent sentences of two to five years each, to begin at the expiration of those imposed on May 13. The Board of Indeterminate Sentence and Parole for the District of Columbia granted a parole on August 9, 1941, and the appellant was thereupon released from the District of Columbia Reformatory at Lorton, Virgina, in which he had been confined.

In September, 1942, while he was at large on parole, Washington committed new crimes and, having been indicted and convicted therefor, he received four new concurrent sentences, pursuant to which on February 3, 1943, he was again committed to the Reformatory at Lorton.

Conditionally released on March 11, 1946, from imprisonment under the 1943 sentences, Washington was immediately taken into custody under a parole violation warrant which had been issued on September 14, 1942, service having been withheld until the completion of the new sentences. On March 18, 1946, the Board, after hearing, revoked the 1941 parole and the appellant is now serving the unexpired portion of the seventeen concurrent sentences imposed in 1937. Appellant's petition for a writ of habeas corpus was denied on July 31, 1947, by

the District Court of the United States for the District of Columbia, and this appeal followed.

In the able presentation of appellant's case by counsel appointed by this court, it is contended that, when Washington reentered the Reformatory on February 3, 1943, to begin to serve his new sentences, he also commenced satisfying the then unserved portion of his 1937 terms. An identical argument was rejected by us in Jones v. Clemmer, 1947, 82 U.S.App.D.C. 288, 163 F.2d 852, where we held that Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808, requires a prisoner, convicted of crime committed while on parole, first to serve the new sentence before beginning the unexpired portion of the old.

Counsel for appellant suggests, however, that the following factual difference, which he regards as decisive, between the Kidwell and Jones cases[1] was not pointed out to us in the hearing of Jones v. Clemmer, and apparently was not considered: Jones began his new sentence in the same institution from which he had been paroled; but Kidwell was sent to a federal prison at Chillicothe, Ohio, for a crime committed while he was on parole from a federal reformatory at Petersburg, Virginia. Like Jones, the appellant here was sent back to Lorton, from which he had been paroled. Counsel contends therefore that, despite the Jones and Kidwell cases, the unexpired portion of Washington's 1937 term began on February 3, 1943, to run concurrently with his new sentences because § 206 of Title 24, D.C. Code (1940),[2] provides: " * * * the unexpired term of imprisonment of any such [paroled] prisoner to begin to run from the date he is returned to the institution, * * * ."

Statutory language similar to that just quoted[3] was considered in the Kidwell opinion. With respect to it the Supreme Court said, "Obviously, this provision does not require that a parole violator's original, unexpired sentence shall begin to run from the date he is imprisoned for a new and separate offense. It can only refer to reimprisonment on the original sentence under order of the Parole Board." 304 U.S. page 362, 58 S.Ct page 873, 82 L.Ed. 1399, 116 A.L.R. 808.

Until completion of the second sentence—and before the warrant was served—the appellant was imprisoned only by virtue of the second sentence. This clearly appears from the Kidwell opinion, in the course of which the Supreme Court also said, "When respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced and imprisoned, not only was his parole violated, but service of his original sentence was interrupted and suspended. Thereafter, his imprisonment was attributable to his second sentence only, and his rights and status as to his first sentence were 'analogous to those of an escaped convict.' " 304 U.S. page 361, 58 S.Ct. page 873, 82 L.Ed. 1399, 116 A.L.R. 808.

The mere fact that the second sentence is being served in the prison from which the prisoner had been paroled does not destroy the fact that, because of his imprisonment on a new charge, "service of his original sentence was interrupted and suspended." In such circumstances it remains true that after his second commitment, in the absence of parole revocation, "his imprisonment was attributable to the second sentence only".

We cannot suppose that, by saying the unexpired term shall "begin to run from

---

[1] The same factual distinction can be made between this case and Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247, which was cited in Zerbst v. Kidwell. While Corall was on parole from the federal prison at Leavenworth, Kansas, a parole violation warrant was issued for him. Before it was served he was sentenced to a term at the Illinois State Prison at Joliet, at the conclusion of which he was returned to Leavenworth under the parole violation warrant and shortly thereafter his parole was revoked.

[2] Act, July 15, 1932, 47 Stat. 698, c. 492, § 6, as amended, June 6, 1940, 54 Stat. 243, c. 254, § 5.

[3] Act, May 13, 1930, c. 255, § 3, 46 Stat. 272, 18 U.S.C.A. § 723c. This statute has been amended (Act, June 29, 1940, c. 449, § 1, 54 Stat. 692) but the amendment was not in effect at the time the Kidwell case was decided.

the date he is returned to the institution", the Congress intended to favor a parole violator sentenced anew to his old prison as against a violator unlucky enough to be committed to a different institution. Our conclusion is that on this point the present case cannot be distinguished from Zerbst v. Kidwell.

█ In addition to the argument which has just been discussed, counsel for appellant takes the "alternate position * * * that as the prisoner was available for a hearing, the failure of the Board of Parole to give an immediate hearing and revoke the parole prior to the expiration date of his first sentence estops the Board from thereafter holding a hearing and revoking the parole." Stating his contention in another way, he says, "The parole granted in August, 1941, was not revoked during the period of the [first or original] sentence and hence the sentence expired in 1945."

In support of this proposition, counsel relies on the provisions of law which require the officer to whom a parole violation warrant is addressed " * * * to execute such warrant by taking such prisoner and returning or removing him to the penal institution of the District of Columbia from which he was paroled or to such penal or correctional institution as may be designated by the Attorney General of the United States"[4] and that " * * * said board shall be notified thereof, and if such prisoner shall have been returned to the institution, he shall be given an opportunity to appear before said Board of Indeterminate Sentence and Parole, * * *";[5] and to the provision that upon revocation, the unexpired term begins on the day the prisoner was returned to the institution.[5]

Depending upon these provisions, he contends that, because the Board held no hearing and took no action toward parole revocation when Washington returned to Lorton on February 3, 1943, his statutory right to an immediate hearing was violated, the Board became estopped to revoke at a latter date, and the parole continued running in satisfaction of the original sentence. We said in Jones v. Clemmer, 163 F.2d at page 853:

" * * * It is immaterial that the Parole Board did not serve the warrant as soon as it might, and did not give appellant a hearing at its next meeting after the warrant had been issued and appellant had been arrested on new charges, but did these things only on the expiration of his new sentences."

The contention also is answered by Zerbst v. Kidwell. Throughout the duration of confinement under the second sentence, the first sentence was interrupted and suspended and was not being served either on parole or through actual confinement. Consequently, when imprisonment under the second service ended on March 11, 1946, the first sentence had not expired and the Board had the right at that time to revoke the parole and to order reimprisonment on the original sentence. The Supreme Court noted in the Kidwell case the statutory provision for discretionary authority in the Board to revoke a parole at any time before the expiration of a parolee's sentence. Counsel errs, therefore, in thinking that when Washington was committed to serve a new sentence, formal revocation of parole was necessary to interrupt the continuity of the parole period. Again this case seems to us to be indistinguishable from Zerbst v. Kidwell. The appellant's confinement from February 3, 1943, until March 11, 1946, was entirely attributable to his second sentence. During all that time, service of the first sentence, either by means of parole or confinement, was suspended.

Affirmed.

---

[4] 24 D.C.Code § 205 (1940), Act, July 15, 1932, 47 Stat. 698, c. 492, § 5, as amended, June 6, 1940, 54 Stat. 243, c. 254, § 4.

[5] 24 D.C.Code § 206 (1940), Act, July 15, 1932, 47 Stat. 698, c. 492, § 6, as amended, June 6, 1940, 54 Stat. 243, c. 254, § 5.