## NOLL v. BOARD OF PAROLE FOR GOVERNMENT OF DISTRICT OF COLUMBIA.

No. 10853.

United States Court of Appeals

District of Columbia Circuit.

Argued May 18, 1951.

Decided June 28, 1951.

Denis K. Lane, Washington, D. C. (appointed by this Court) for appellant.

Joseph F. Goetten, Assistant United States Attorney, Washington, D. C., with whom George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted in the District of Columbia on May 3, 1946, and was sentenced to serve a term of six months to two years. He was committed to the District of Columbia Reformatory and, on November 14, 1946, he was released from that institution on parole. On April 10, 1947, a warrant was issued against him for violation of that parole. The warrant could not be executed because appellant had been arrested in New York for an offense committed by him in Missouri. While he was

confined in a New York jail, the District of Columbia warrant was lodged against him there as a detainer but, after a hearing on the Missouri charge, he was removed to Missouri for trial. He was subsequently convicted of the Missouri offense and committed to the United States Penitentiary at Leavenworth, Kansas. The District of Columbia parole violator's warrant was then lodged at Leavenworth as a detainer against appellant's release. A petition was filed by appellant, who is still at Leavenworth, requesting the court below to compel the District of Columbia Board of Parole to remove the detainer. He now appeals from the dismissal of that petition.

As a ground for seeking removal of the warrant, appellant contends that the District of Columbia sentence said to be outstanding against him has expired because he has already served an equivalent amount of time, both before and after conviction, in various places of detention in New York and Missouri in connection with the Missouri offense referred to above. Appellant's argument is premised on the view that the balance of the District of Columbia sentence must be considered to have run concurrently with his confinement in connection with his offense in another jurisdiction. This argument must fail. The well settled rule is that the unexpired portion of a parole violator's original sentence begins to run not when he is imprisoned by arrest or conviction for a new and separate offense but only when his parole has been revoked and he has been returned to the custody of the revoking authorities.[1]

Another ground advanced for removal of the warrant is that the District of Columbia Board of Parole has lost its jurisdiction over the appellant to the Federal Parole Board because he is now confined in a federal institution other than that of the District of Columbia. It is argued that such is the necessary effect of a 1947 amendment to the District of Columbia Code (1940 ed.), § 24–206, which provides: "In the event a prisoner is confined in, or as a parolee is returned to a penal or correctional institution other than a penal or correctional institution of the District of Columbia, the Board of Parole created by section 723a, Title 18, U.S.Code, shall have and exercise the same power and authority as the Board of Parole of the District of Columbia had the prisoner been confined in or returned to a penal or correctional institution of the District of Columbia. (As amended July 17, 1947, 61 Stat. 379, ch. 263, § 5)."

The purpose of this amendment was merely to place the Federal Board of Parole in the same relative position to the District of Columbia Board of Parole as it had previously occupied in relation to the latter's predecessor, the District of Columbia Board of Indeterminate Sentence and Parole.[2] It conferred no authority upon the federal board which it had not previously possessed.[3] It seems clear to us that § 206 gives the Federal Board of Parole jurisdiction only if (1) a prisoner is sentenced in the District of Columbia but is committed to a federal institution other than that of the District of Columbia to serve that sentence; or (2) a parolee who had previously been serving his sentence in a District of Columbia institution is, as a result of revocation of parole by the District of Columbia Board of Parole, returned to a non-District of Columbia institution to serve the remainder of his sentence. Otherwise, jurisdiction over the prisoner remains in the Board of Parole of the District of Columbia. Appellant was neither confined in a non-District of Columbia penal institution prior to his parole nor removed to Leavenworth as a returned parolee. His confinement at Leavenworth

---

1. Zerbst v. Kidwell, 1938, 304 U.S. 359, 361–362, 58 S.Ct. 872, 82 L.Ed. 1399; Anderson v. Corall, 1923, 263 U.S. 193, 196–197, 44 S.Ct. 43, 68 L.Ed. 247; Washington v. Clemmer, 1948, 83 U.S. App.D.C. 268, 169 F.2d 300; Jones v. Clemmer, 1947, 82 U.S.App.D.C. 288, 289, 163 F.2d 852, 853.

2. D.C.Code (1940 ed.), § 24–209. Id. § 24–201(b) transferred the powers of the Board of Indeterminate Sentence and Parole to the Board of Parole.

3. See id. § 24–209.

had nothing whatsoever to do with the prior conviction in the District of Columbia or his parole in connection therewith. It was based entirely upon his conviction of a new and separate offense in Missouri.

The petition to compel removal of the warrant lodged by the District of Columbia Board of Parole against appellant was properly dismissed.

Affirmed.