## SHEPHERD v. UNITED STATES ATTORNEY GENERAL AND HIS AUTHORIZED REPRESENTATIVES.

### No. 266.

United States District Court
M. D. Pennsylvania.

Oct. 21, 1952.

FOLLMER, District Judge.

Petitioner was originally sentenced in the United States District Court for the District of New Hampshire on October 18, 1944, to a term of three years. Thereafter on April 10, 1945, he was sentenced in the United States District Court for the District of Nebraska to an additional eighteen months to be served consecutively, thereby making a total term for service of four and one-half years. On December 24, 1947, he was conditionally released pursuant to the provisions of the then existing legislation, namely 18 U.S.C. § 716b, subsequently incorporated in 18 U.S.C. § 4164 by the Act of June 25, 1948, with an unserved balance of 480 days of his term. The maximum sentence would not have expired until April 17, 1949.

In accordance with the provisions of 18 U.S.C. § 716b, re-enacted as 18 U.S.C. § 4164, he was on parole upon his release for the 480 days unserved balance of his term. While thus on parole he was again indicted in the United States District Court for the District of Kansas on September 17, 1948, for violations occurring during August 1948, and was subsequently sentenced to a term of four years. On October 27, 1948, a parole violation warrant issued. After completion of the imprisonment required under the Kansas sentence, the parole violation warrant became effective and he is now serving 480 days on which he was conditionally released under the New Hampshire and Nebraska sentences. As was decided by the Supreme Court in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, petitioner could

be required by the Parole Board to serve the unexpired portion of his New Hampshire and Nebraska sentences after the expiration of his Kansas sentence. The sole question is whether, by reason of the June 29, 1951 amendment to 18 U.S.C. § 4164, he can be required to serve more than 300 days of the 480 days.

■ The amendment provides "A prisoner having served his term or terms less good-time deductions, shall upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." At the time of the violation of parole and the issuance of the parole warrant he was on parole for the period of 480 days "good time", which was lawfully revoked. The Act of June 29, 1951 (supra), did not have a retroactive effect to change this situation. Chandler v. Johnston, 9 Cir., 133 F.2d 139. Moreover, the amendment merely shortened the time during which prisoners affected by the act would be under supervision and did not amend or in anywise change the provisions of 18 U.S.C. § 4207 to the effect that "If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced."