**KAUMEYER v. STEELE, Warden.**

**No. 8741.**

United States District Court
W. D. Missouri.

Oct. 10, 1953.

Petitioner, pro se.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., for respondent.

REEVES, Chief Judge.

The petitioner has presented to the undersigned an application for a writ of habeas corpus in forma pauperis. Almost an identical application was made to this court by the petitioner, in No. 8664. My associate, Judge Albert A. Ridge, on September 28th last denied the application and did so by order which

contained an apt and clear recital of the law. The petitioner, however, renews his application and seeks to proceed again in forma pauperis.

His application to sue in forma pauperis has been examined and it is not sufficient to comply with the statute, namely Section 1915, Title 28 U.S.C.A. His petition, if it may be called that, simply asserts that a parole had been revoked by the Parole Board and that a warrant had been placed in the hands of the United States Marshal pursuant to the provisions of Section 4205, Title 18 U.S.C.A. This section provides that:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued * * *. The unexpired term of imprisonment of any such prisoner *shall begin to run from the date he is returned to the custody of the Attorney General under said warrant,* * * *." (Emphasis mine.)

The following section, namely 4206, provides that:

" * * * any Federal officer authorized to serve criminal process within the United States, to whom a warrant for the retaking of a parole violator is delivered, shall execute such warrant by taking such prisoner and returning him to the custody of the Attorney General."

It appears from the complaint that the petitioner here violated a state law and was in custody of the state authorities after the issuance of said warrant and so continued until his discharge from state custody on February 17, 1953. Under these circumstances the national authorities had no right to his custody, though he says he advised the marshal that he was constructively in his custody. This conclusion was an incorrect one.

In Groce v. Hudspeth, 121 F.2d 800, 801, the Court of Appeals for the 10th Circuit was confronted with an identical situation. The court said:

"During the time appellant was incarcerated in the state penitentiary under sentence from the state court, he was not in the custody of the warden under the parole violator's warrant. The jurisdiction of the Board over him under the original sentence was suspended during such time. *While serving the state sentence, he occupied the status of an escaped convict or of one who had not been apprehended.*" (Emphasis mine.)

A similar situation was present in United States v. De Fillippo, D.C., 108 F. Supp. 410, Loc.Cit. 412, where Judge Smith of the 3rd District of New Jersey said:

"The defendant was in the custody of the local authorities, and the courts of the State had a right to retain jurisdiction over his person until the proceedings were terminated or the defendant discharged. There was no authority in this Court to wrest the defendant from that custody or jurisdiction. It is well established that when 'the court of one sovereign takes a person into its custody on a criminal charge he remains in the jurisdiction of that sovereign until it has been exhausted, to the exclusion of the courts of the other sovereign. That rule rests upon principles of comity, and it exists between federal and state courts.' "

See also Hall v. McGowan, 8 Cir., 174 F. 2d 902.

It is useless to multiply authorities. The national authorities had no jurisdiction over the defendant until he was discharged, and the marshal could not execute the warrant authorized by the Parole Board. Moreover, the data supplied by the petitioner shows that the officer holding the warrant merely placed a detainer against the petitioner. Since he was not in custody he is now properly held until he has served the remainder of the original sentence imposed upon him.