### SAPINSKI v. HUMPHREY.
### No. 277.

United States District Court
M. D. Pennsylvania.
March 11, 1954.

T. S. Sapinski, pro se.

J. Julius Levy, U. S. Atty., Scranton, Pa., Stephen A. Teller, Asst. U. S. Atty., Roger A. Woltjen, Asst. U. S. Atty., Edwin M. Kosik, Asst. U. S. Atty., Scranton, Pa., for respondent.

FOLLMER, District Judge.

Petitioner, Theodore Stanley Sapinski, was originally sentenced in the United States District Court for the District of New Jersey on November 17, 1944. His full term would have expired on November 16, 1949. He was conditionally released from the United States Penitentiary, Lewisburg, Pennsylvania, on July 24, 1948, and was, pursuant to the provisions of 18 U.S.C. § 4164, on parole for the unexpired term. Petitioner having been arrested by the State of New Jersey in connection with three charges at Jersey City, New Jersey, and one charge at Weehawken, New Jersey, a parole violator warrant was issued, pursuant to the provisions of 18 U.S.C. § 4205, by the United States Board of Parole on October 3, 1949, prior to the expiration of the maximum term for which he had been sentenced. The war-

rant was forwarded to the United States Marshal in the District of New Jersey and by him lodged as a detainer with the State authorities. Petitioner was, in the course of the State proceedings, released on bail by the State authorities. On July 27, 1950, the United States Probation Officer in New Jersey advised the Parole Board that periodic checks were being made to locate petitioner and that neither the Federal Bureau of Investigation nor the "Prosecutor's Detectives of Hudson County," New Jersey, had been able to ascertain his whereabouts, and that the prosecutor of Hudson County, New Jersey, had been in touch with the bonding company and efforts were still being made to locate him. On October 11, 1950, the United States Marshal of the New Jersey District advised the United States Marshal at Brooklyn, New York, that the Federal Bureau of Investigation had informed him that the petitioner was in Queens County Prison in the State of New York on charges by the authorities of that State and requested the filing of a letter as a detainer until the original warrant could be obtained from the State of New Jersey and formally lodged. This original warrant was subsequently placed with the New York State authorities as a detainer. Peti-tioner was convicted and served a sentence on the New York State charges and upon his release on June 23, 1953, the parole warrant was served upon him and he was returned to the United States Penitentiary at Lewisburg, Pennsylvania.

On these facts, petitioner now contends that the Parole Board was without authority to execute this warrant and compel him to serve the balance of his term, because of the time which had elapsed.

██ While it would be immaterial if the Parole Board had not served the warrant as soon as it might,[1] no such situation exists here. State proceedings were pending against him, or he was serving time under State sentences, during the entire intervening period.[2] In fact, it is possible had the State of New Jersey insisted upon his being returned to them, that the execution of the warrant might have been further delayed. It is now well settled that the execution of a parole violation warrant may be delayed until after the parolee is released by State authorities or until after he has completed service of an intervening sentence of a Federal Court.[3]

The petition is wholly without merit and must be dismissed.

1. Jones v. Clemmer, 82 U.S.App.D.C. 288, 163 F.2d 852.

2. His contention seems to be that while he was out on bond under the New Jersey State charges they could have located him if they had searched more diligently, that he had not run away but was merely "remote." Apparently his concept of the functions of the Parole Board includes the game of "hide and seek."

3. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399; United States v. De Fillippo, D.C.N.J., 108 F.Supp. 410; Noll v. Board of Parole for Government of District of Columbia, 89 U.S.App.D.C. 206, 191 F.2d 653; Kaumeyer v. Steele, D.C.W.D.Mo., 115 F.Supp. 4; Washington v. Clemmer, 83 U.S.App.D.C. 268, 169 F.2d 300; Welch v. Hillis, D.C.W.D. Okl., 53 F.Supp. 456; Shepherd v. United States Attorney General, etc., D.C.M.D. Pa., 108 F.Supp. 13.