## FORSLING v. LOONEY.
### No. 1975 H. C.

United States District Court,
D. Kansas.
June 21, 1954.

Buford E. Braly, Kansas City, Kan., for petitioner.

Selby S. Soward, Asst. U. S. Atty., Goodland, Kan., for respondent.

MELLOTT, Chief Judge.

Petitioner, an inmate of the United States Penitentiary at Leavenworth, Kansas, assails, in this habeas corpus proceeding, the validity of his present detention. Court appointed counsel has filed a brief in his behalf and his contentions have also been set out at length in various letters which, for present purposes have been considered as briefs *pro se*.

There is no factual controversy. Petitioner was originally committed April 7, 1950 under a judgment and sentence of the United States District Court for the Northern District of Illinois, Eastern Division, for imprisonment for a period of three years upon a plea of guilty to a violation of Title 18 U.S.C.A. § 1708. He was released on conditional release July 23, 1952, "at the expiration of his term of sentence less the time deducted for good conduct", as provided in Title 18 U.S.C.A. § 4163, having been allowed 252 days statutory good time and five days industrial good time. His full term of imprisonment, but for the allowance of good time, would have expired on April 6, 1953.

Under Title 18 U.S.C.A. § 4164 as amended by c. 176, 65 Stat. 98, effective June 29, 1951,[1] the maximum term for

---

1. "*Released prisoner as parolee*—A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty-days.

"This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

which petitioner was sentenced, less one hundred eighty days, would have terminated his supervision as a parolee on October 8, 1952. However, on October 2, 1952, the parole executive recommended to the United States Board of Parole that a warrant be issued for his retaking under Title 18 U.S.C.A. § 4205 [2] because while at large as a parolee he had "entered a plea of guilty on September 26, 1952 to stealing approximately twenty-five pieces of mail and forging and cashing approximately ten to fifteen checks,"[3] as a result of which he had been sentenced to a term of two years. Warrant was accordingly issued on that date. The sentence last referred to was imposed by the United States District Court for the Northern District of Illinois, Eastern Division, on September 26, 1952.

The full term of the two-year sentence would have expired on September 25, 1954. However, petitioner was allowed statutory good time of 144 days under Title 18 U.S.C.A. § 4161, by reason of which he became eligible for release on May 4, 1954. It is petitioner's present contention that he was entitled to go hence on that date and since then has been illegally detained.

The warrant issued October 2, 1952 was served on petitioner on May 4, 1954, and he is being held to serve the unexpired portion of the first three-year sentence which, if served in full, would make his release date January 15, 1955. He is, however, being allowed additional statutory good time and, unless it is forfeited under Title 18 U.S.C.A. § 4165, will be eligible for release about November 18, 1954.

Petitioner contends that he cannot be required to serve "the last six months" or 180 days of his first sentence and suggests, through his counsel, that ruling on his present petition be deferred "until the first day of this last six months and considered as being filed on that date." Whether the request should be complied with, inasmuch as the legality of the detention should be tested as of the date the petition was filed, may be passed without decision. The court has chosen to monument its views upon the larger and more general question.

Under § 4205 supra, it will be noted, a warrant for retaking must be issued "within the maximum term or terms for which * * * [the parolee or conditional releasee] was sentenced." That was done. The unexpired term of imprisonment begins to run from the date he is returned to the custody of the Attorney General and "the time the prisoner was on parole shall not diminish the time he was sentenced". The amendment in 1951 to Section 4164 was not intended to make any change in basic policy or to allow additional good time to the allowances already provided by statute. As indicated in the legislative history[4], it was enacted "* * * merely [to] shorten the time during which released prisoners would be under supervision * * *."

The precise question now before the court was decided by Judge Follmer of the United States District Court for the Middle District of Pennsylvania[5]

2. *"Retaking parole violator under warrant; time to serve undiminished*—A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

3. The quotation is from Exhibit C, being the "Referral for Consideration of Alleged Violation" signed by the parole executive.

4. 1951 U. S. Code Congressional Service, pp. 1544–1546, letter, Deputy Attorney General to Chairman, Senate Committee on the Judiciary.

5. Shepherd v. United States Attorney General, D.C., 108 F.Supp. 13.

and is the view expressed by this court in several unreported decisions. It will be applied in this and similar cases until and unless a higher court shall hold it to be erroneous.

Order is this date being entered quashing the writ of habeas corpus heretofore issued, dismissing the petition and remanding the petitioner to the custody of the respondent warden.