**In the Matter of Robert Hamilton MOORE.**

**Henry G. MORRIS, Petitioner,**

**v.**

**H. Ross VANCE, Sheriff of Audrain County and Supervisor of County Jail of Audrain County, Respondent.**

**No. 30027.**

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1957.

Rehearing Denied Dec. 27, 1957.

Henry G. Morris, St. Louis, for Robert Hamilton Moore.

Fry, Edwards & Wright, Jerome W. Seigfreid, Mexico, for respondent.

HOUSER, Commissioner.

This is an original proceeding in habeas corpus upon the petition of Robert Hamilton Moore who alleges that he is being unlawfully restrained of his liberty by respondent sheriff and that he is entitled to a complete discharge by reason of the failure of the Circuit Court of Audrain County to take action upon petitioner's parole within the period of two years after granting the parole.

On August 31, 1954 petitioner was convicted of Feloniously Leaving the Scene of a Motor Vehicle Accident and of Damage to Property and was sentenced to imprisonment in the County Jail of Audrain County for a term of eight months and to pay a fine of $100 and costs. After serving a few days more than four months' time in jail and after paying the fine and costs and on January 4, 1955 petitioner was paroled by the Circuit Court of Audrain County on the condition, among others, that defendant "(3) not operate a motor vehicle nor apply for a driver's license of any type without * * * permission from this court."

On April 12, 1957 the court made the following order:

"Now on this April 12, 1957, it appearing that in direct violation of condition #3 of his parole, defendant applied for, and on October 8, 1956 was issued, Illinois Driver's license A3558607. Parole is terminated and sheriff is ordered to retake defendant under commitment already in his hands."

We issued our writ. Respondent sheriff's return to the writ seeks to justify the restraint of petitioner by asserting that he is detained in custody by virtue of the foregoing order of termination and a recommitment to the county jail thereunder on October 29, 1957. Petitioner's answer to respondent's return alleges the granting of a parole as aforesaid "without fixing in said order the period of parole or the time during which he would be required to report to the Court thereunder;" that the jurisdiction of the court of the subject-matter and person of petitioner, after placing him on parole, was limited to a period of two years from the date of parole; that the period of parole elapsed January 4, 1957, after which the court had no jurisdiction to make any order of revocation and that the order of April 12, 1957 (more than two years

after January 4, 1955) was "without authority of law and void and of no legal effect" and that petitioner's arrest and recommitment thereunder are "unlawful and illegal." Petitioner filed a motion for judgment on the pleadings.

By § 549.070[1] the circuit court, when satisfied that any person against whom a fine has been assessed or a jail sentence imposed by said court will, if permitted to go at large, not again violate the law, may parole such person and permit him to go at large upon such conditions and under such restrictions as the court shall see fit to impose and

"may at any time, without notice to such persons, terminate such parole by simply directing execution to issue on the judgment, or, in case the person shall have been actually confined in jail, the parole may be terminated by directing the sheriff or jailer to retake such person under the commitment already in his hands."

Section 549.130 provides:

"When any person who has been paroled under the provisions of sections 549.060 to 549.180 shall have been at large under such parole for the minimum term prescribed by section 549.140, and the court granting the parole shall be satisfied that the reformation of such person is complete and that he will not again violate the law, such court may, in its discretion, by order of record, grant his absolute discharge. Such order of discharge shall recite the fact that such person has earned his discharge by good ·behavior, and such order shall operate as a complete satisfaction of the original judgment by which the fine or jail sentence or imprisonment in the penitentiary was imposed."

Section 549.140 provides:

"1. No person paroled under the provisions of section 549.070 shall be granted an absolute discharge at an earlier period than six months after the date of his parole, nor shall such parole be continued for a longer period than two years from date of parole; but if he shall have been the second time paroled the time shall be counted from date of second parole.

"2. No person paroled under the provisions of section 549.080 shall be granted an absolute discharge at an earlier period than two years from date of his parole, nor shall such parole continue for a longer period than ten years; provided, that if no absolute discharge shall be granted, nor the parole terminated within the time in this section limited, it shall be the duty of the court at the first regular term after the expiration of such time to either grant an absolute discharge or terminate the parole and order the judgment or sentence to be complied with, but if the court shall fail to take any action at such time, such failure to act shall operate as a discharge of the person paroled."

Two years from the date of parole passed without the court either terminating the parole under § 549.070 or granting an absolute discharge under § 549.130. In that situation, by the express provision of § 549.140, it was the duty of the court *at the first regular term after the expiration of such time* (i. e. at the· first regular term after January 4, 1957) "to either grant an absolute discharge or terminate the parole and order the judgment or sentence to be complied with." We judicially know that regular terms of court are convened in the Eleventh Judicial Circuit in the County of Audrain on the first Mondays of March, June, September and December of each year. § 478.240. The first regular term of the Circuit Court of Audrain County after January 4, 1957 was the March Term, 1957, which convened on March 4, 1957. Exhibit B, which was attached to the peti-

1. All section references are to RSMo 1949, V.A.M.S.

tion for the writ of habeas corpus and is a part of the record before us, shows that the order terminating petitioner's parole was made on April 12, 1957 during the March Term, 1957 of that court. The Circuit Court of Audrain County had jurisdiction over the parole during the entire March Term, 1957 of court and, accordingly, had full and complete power and jurisdiction to terminate petitioner's parole on April 12, 1957 and to order the retaking of petitioner under the commitment already in the hands of the sheriff. (The fact that the retaking did not occur until October 29, 1957, after the expiration of the March Term, 1957, does not affect the case, for it is the time of the termination of the parole and not the time of the caption that is important here.)

In Ex parte Mounce, 307 Mo. 40, 269 S.W. 385, it was held that a court which imposed a sentence of imprisonment in the state penitentiary for a term of two years and on the same day paroled the defendant had full power, after the expiration of the two years and after the expiration of the first term of court thereafter but before the expiration of the ten years referred to in present § 549.140, to terminate the parole and order compliance with the sentence. By way of dictum the Supreme Court, in the following language, recognized the power of the circuit court, after the expiration of ten years, to terminate the parole during the first term of court after the expiration of the ten-year period, 269 S.W. loc. cit. 387:

"If words could possibly make more clear and understandable the legislative intent expressed in the proviso of section 4163 (now § 549.140), we have not the slightest hesitancy in holding that such proviso simply means that, if a 10-year period has elapsed after a given parole has been granted, and nei-

ther the parole has been terminated, nor the paroled person has been discharged from his sentence within such 10-year period, the court must either grant an absolute discharge of such person or terminate his parole *at the first term of court thereafter,* or the law will conclusively presume thereafter that such person has been discharged. No other conclusion can reasonably be reached." (Parentheses and emphasis ours.)

█ Section 549.140 is the statute of limitation upon the termination of a parole after the lapse of an unreasonable length of time, Ex parte Mounce, supra, but the court which grants a parole retains jurisdiction over the parole and may continue it, in cases of imprisonment in the county jail, for any period within the discretion of the court up to and including two years *plus one term of court thereafter.* The discharge by operation of law of which petitioner sought in this proceeding to take advantage does not arise until after the expiration of that term of court.

It is therefore recommended that the court overrule petitioner's motion for judgment on the pleadings and order Robert Hamilton Moore to be remanded to the custody of the Sheriff of Audrain County, there to be dealt with according to law.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court and pursuant thereto petitioner's motion for judgment on the pleadings is overruled and Robert Hamilton Moore is remanded to the custody of respondent H. Ross Vance, Sheriff of Audrain County.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.