IN RE JASPER MOUNCE, Petitioner.

In Banc, February 17, 1925.

1. **PAROLE: After Minimum Imprisonment.** Where defendant was sentenced to imprisonment for two years and paroled, he is not entitled to discharge after the expiration of the two-year period and the first term of court thereafter, on the sole ground that in the meantime his parole has not been terminated or renewed; but on the contrary, for violating any terms of his parole which are not illegal or immoral or impossible of performance, his parole may be terminated and the sentence enforced at any term between the time it was granted and the first term ten years thereafter, without any intermediate parole. A failure to make an order terminating the parole at the first term after the expiration of the two-year period, or an order renewing his parole in the meantime, does not operate automatically to discharge him. The statute (Sec. 4162, R. S. 1919) providing that, where a person has been paroled and has been at large for the minimum period, the court may, at its discretion, by order of record, grant him an absolute discharge, and Section

4163, providing that no person paroled under the provisions of Section 4157 "shall be granted an absolute discharge at an earlier period than two years from the date of his parole, nor shall such parole continue for a longer period than ten years," mean that the parole may be continued longer than two years and for a period of ten years, in the discretion of the court.

2. ———: Counted as Part of Period of Imprisonment. Where the parole has been terminated within the period during which the paroled person would have been in the penitentiary had he not been paroled, the time during which he was at large under his parole cannot be regarded as a part of his sentence, or counted as à part of the time he is to remain in prison.

Citations to Headnotes: Criminal Law, 1, 16 C. J. par. 3135; 2, 16 C. J. par. 3233.

## Habeas Corpus.

DISCHARGE DENIED.

W. P. Elmer for petitioner.

Jesse W. Barrett, Attorney-General, and George W. Crowder, Assistant Attorney-General, for respondent.

(1) The statutes cannot be construed to mean that a parole shall only affect the person paroled during, and no longer, than the term of his sentence because the minimum term in the penitentiary is two years (Sec. 3698, R. S. 1919), and the terms of such felonies, as are subject to the parole law, vary from two years to much more than ten years. (2) The purpose of a parole is not merely to accommodate the prisoner by permitting him to avoid serving time, but for the salutory effort it may have upon his tendency to commit crime. It must have been obvious to the lawmaking power that, in order to best carry out this purpose, it would be impracticable to lengthen the parole so as to make it coterminous with the varying penitentiary sentences for such felonies as fall within the parole law, some of which are equivalent to a lifetime, and many of which go well beyond the period of

ten years. This reasoning is reflected in the limitations contained in Section 4163, where it is provided that paroles granted under Section 4156 shall not be discharged at an earlier period than six months after the date of parole, nor shall any such parole be continued longer than two years; and that persons paroled under Section 4157 shall not be granted a discharge at an earlier period than two years, nor continued longer than ten years. It must, therefore, be apparent that it was not the intention of the Legislature to make the period of parole coterminus with the sentence upon which the parole is granted. (3) The fact that the trial court may not have required compliance with Sec. 4159, R. S. 1919, with reference to giving bond and making reports, cannot alter the nature or character of the parole, nor the length of its possible term. It runs ten years by statute, unless sooner discharged or revoked by the court granting it. The failure of the court to require bond, or periodical reports, if he did fail, cannot in any sense be construed as a conditional pardon, since the pardoning power is not lodged in the court, but vested exclusively in the Governor. State v. Sloss, 25 Mo. 291; Mo. Constitution, art. 5, sec. 8. (4) The Missouri parole works a suspension of the sentence by providing (in cases where a parole is revoked) that "the time such person shall have been at large upon parole shall not be counted as a part of the term of his sentence, but the time of his sentence shall count from the date of his delivery to the warden of the penitentiary." Sec. 4158, R. S. 1919. (5) Under such statutes as Sec. 4158, R. S. 1919, the weight of authority appears to be that, on condition broken, a parole may be revoked, and the convict required to serve the sentence, even after the time at which the sentence would have ended in case no parole had been granted. 20 R. C. L. 579, sec. 69; Crooks v. Sanders, 28 A. L. R. 940, note p. 947; Commonwealth v. Minor, 241 S. W. 856; Fuller v. State, 45 L. R. A. 502, 82 Am. St. 17; Conlon's Case, 19 N. E. 164.

DAVID E. BLAIR, J.—Petitioner is confined in the State Penitentiary and contends that his imprisonment is unauthorized and illegal and seeks release. Our writ issued. The warden has filed his return, to which petitioner has filed his answer. The case was submitted on briefs filed.

The facts are undisputed. On December 3, 1921, in the Circuit Court of Dent County, petitioner entered a plea of guilty to the crime of felonious assault and was sentenced to imprisonment in the State Penitentiary for a term of two years. On the same day he was paroled by the trial court. On August 16, 1924, the court made an order setting aside and terminating such parole. Thereupon petitioner was arrested and delivered to the warden of the penitentiary to serve the term of imprisonment to which he was sentenced. The certified copy of the records of the circuit court contains no record entries after the entry of the order paroling petitioner until the entry of the order terminating such parole. It therefore does not appear from the record that petitioner ever gave the bond or made the reports to the court required by the statute.

It is the contention of petitioner that the circuit court was without jurisdiction to terminate his parole and to cause him to be imprisoned under the sentence and judgment of December 3, 1921, because such parole was not terminated within the period of two years, fixed by the judgment as the duration of his imprisonment, and such parole was not terminated at the first term of court after the expiration of such two-year period, and because such parole was not continued in force longer than two years by order of the court, and that petitioner must now be deemed to be absolutely discharged from liability to serve such term of imprisonment, under the provisions of Section 4163, Revised Statutes 1919. There are other contentions, but they are largely bottomed upon the foregoing proposition.

Section 4157 provides for the parole of persons convicted of felonies other than murder, rape, arson or rob-

bery, where the punishment imposed is imprisonment in the penitentiary; but the court has no power to grant such parole after such person has been delivered to the warden of the penitentiary.

Section 4158 provides that such parole may be terminated by the court at any time, without notice to the person under parole, and that such person shall thereupon be delivered to the warden "in the same manner as if no parole had been granted, and the time such person shall have been at large upon parole shall not be counted as a part of the term of his sentence, but the time of his sentence shall count from the date of his delivery to the warden of the penitentiary."

Section 4159 provides that such person shall give bond to secure his appearance. Section 4161 makes provision for reports of the person under parole. Sections 4162 and 4163 are as follows:

"Sec. 4162. When any person who has been paroled under the provisions of Sections 4155 to 4167, inclusive, shall have been at large under such parole for the minimum term prescribed by Section 4163 of this article, and the court granting the parole shall be satisfied that the reformation of such person is complete and that he will not again violate the law, such court may, in its discretion, by order of record, grant his absolute discharge. Such order of discharge shall recite the fact that such person has earned his discharge by good behavior, and such order shall operate as a complete satisfaction of the original judgment by which the fine or jail sentence or imprisonment in the penitentiary was imposed.

"Sec. 4163. No person paroled under the provisions of Section 4156 of this article shall be granted an absolute discharge at an earlier period than six months after the date of his parole, nor shall such parole be continued for a longer period than two years from date of parole; but if he shall have been the second time paroled the time shall be counted from date of second parole. No person paroled under the provisions of Section 4159 of this article shall be granted an absolute discharge at an

earlier period than two years from date of his parole, nor shall such parole continue for a longer period than ten years; *Provided*, that if no absolute discharge shall be granted, nor the parole terminated within the time in this section limited, it shall be the duty of the court at the first regular term after the expiration of such time to either grant an absolute discharge or terminate the parole and order the judgment or sentence to be complied with, but if the court shall fail to take any action at such time, such failure to act shall operate as a discharge of the person paroled."

Section 4162 does not require the court to grant an absolute discharge from the sentence at the expiration of the minimum time of parole fixed by Section 4163, but provides that the court, at that time, "may, in its discretion, by order of record, grant his absolute discharge." Before granting such discharge at that time the court "shall be satisfied that the reformation of such person is complete and that he will not again violate the law." The necessary inference from the language used by Section 4162 is that the court may exercise its discretion against discharging such person at the expiration of such minimum term, if the court is not satisfied of such reformation, and it would seem that the failure of the court to make such an order should be taken as evidence that the court did not regard the reformation of such person as being complete.

But petitioner contends that, under the proviso of Section 4163, the failure of the court to make an order terminating his parole at the first term of court after December 3, 1923, the expiration of the two-year period, and the date of the expiration of his term of imprisonment, had he not been paroled, operated automatically to discharge petitioner from the sentence imposed upon him and that the termination of his parole, after such term of court ended, was unauthorized and his subsequent arrest and imprisonment in the penitentiary were illegal.

There is no language in the statute relating to judicial paroles which authorizes the conclusion that there is any relation whatever between the time during which a parole may be continued and the length of the term of imprisonment imposed in the judgment, from the execution of which a defendant may be paroled. Indeed, the plain language of Section 4158 is that there is no such relationship. Nor is there any provision requiring the court to make any order showing that the person under parole duly appeared and made his reports. The only orders provided for are the order of discharge and the order terminating such parole.

As we understand the petitioner's contention, it is that, when a person has been sentenced to serve a term of imprisonment in the penitentiary for two years, which happens to be the minimum within which a paroled person may be discharged, such person is rightfully entitled to be discharged at the end of such two-year period, plus one term of court thereafter (unless such parole has sooner been terminated), regardless of whether or not reformation be deemed complete, and notwithstanding the fact that discharge, after two years have elapsed, is left to the discretion of the court by Section 4162. Such contention is unsound and comes squarely in conflict with the whole plan and purpose of our judicial parole act.

The broad language of Section 4163 is that "no person paroled under the provisions of Section 4159 [4157] of this article shall be granted an absolute discharge at an earlier period than two years from date of his parole." (The section referred to clearly was intended to be Section 4157). This language and that quoted from Section 4162 clearly indicate that the parole may be continued longer than two years and for any period up to ten years within the discretion of the court.

The proviso of Section 4163 is a sort of Statute of Limitation upon the liability of a paroled person to have his parole terminated, after the lapse of an unreasonable length of time. A parole is a matter of grace or favor to a convicted defendant and, when he accepts such pa-

role, he does it subject to all the provisions fixed by the statute and subject to all other conditions which may be imposed upon him by the authority granting such parole, which are not illegal, immoral or impossible of performance. Such, by all the authorities, is the rule where a parole or conditional pardon has been granted by the executive or other constitutional pardoning power, and the rule applies as fully and as reasonably to paroles by trial courts under our statute.

The evident purpose of our judicial parole law is reformation of men and women of previous good character who have been convicted for the first time of a crime where imprisonment in the penitentiary has been imposed. If such reformation can be accomplished, without placing upon such man or woman the stigma of having actually been a convict, society is fully protected and its best interest actually served. Such reformation, if it can be accomplished at all, may be expected to take longer in some cases than in others. One man, sentenced to imprisonment for two years, might remain under observation of the court for the full ten years fixed by the statute and give no such evidence of reformation as to induce the court to exercise its discretion in favor of discharge. Another might be sentenced to imprisonment for twenty years and give such satisfying evidence of sincere reformation within two years that the court would feel amply justified in granting an absolute discharge at the end of the minimum period fixed by the statute.

If words could possibly make more clear and understandable the legislative intent, expressed in the proviso of Section 4163, we have not the slightest hesitancy in holding that such proviso simply means that, if a ten-year period has elapsed after a given parole has been granted and neither the parole has been terminated nor the paroled person has been discharged from his sentence within such ten-year period, the court must either grant an absolute discharge of such person or terminate his parole at the first term of court thereafter, or the

law will conclusively presume thereafter that such person has been discharged. No other conclusion can reasonably be reached.

Petitioner's contention also seems to be that, where the parole has been terminated within the term, during which the paroled person would have been in the penitentiary had he not been paroled, the time, during which he was at large under his parole, must be regarded as part of his sentence and, as a logical consequence, that, if the term of imprisonment to which he was sentenced had entirely elapsed, but for such parole, he cannot be required to serve any part of such term of imprisonment, if such parole is thereafter terminated. Such contention is directly in the face of Section 4158 and is utterly without merit.

This seems to be a case of original impression in this State. No cases have been cited which bear squarely upon the question we are here considering. The conclusion we have reached seems unescapable from the plain language of the statute itself, the language of which really requires no construction. Suffice it to say that the writer has read exhaustively from the cases cited and from many others bearing particularly upon paroles or conditional pardons by executive authority. The several constitutional and statutory provisions vary so widely that citation of authority is not deemed to be helpful. Not a single case has been examined which throws the slightest doubt upon the conclusions we have reached, in view of our own statutory provisions.

The interested reader will find the general rule well stated and many cases cited in Commonwealth v. Minor, 241 S. W. (Ky.) 856, particularly at local page 861. See also the annotation after Crooks v. Sanders, 28 A. L. R. 940, l. c. 947. The only case cited by petitioner, which may be deemed to be in point at all, is In re Prout, 12 Idaho, 494. That case is also reported in 10 Am. & Eng. Ann. Cases, 199, wherein a note is appended showing that the decision of the Idaho Supreme Court is out of harmony with the majority rule. In any event, the

rule as declared in the Prout case cannot be followed in the face of our own statutory provisions.

We have reached the conclusion that the Circuit Court of Dent County had full power to terminate the parole of petitioner when it did and to cause the arrest of petitioner and his commitment to the penitentiary. In view of all of which, it is ordered that petitioner be remanded to the custody of the warden of the penitentiary, there to be dealt with according to law. All concur, except *Walker, J.*, absent.