IN RE APPLICATION OF THEODORE BLACKWELL FOR A WRIT OF HABEAS CORPUS.
THEODORE BLACKWELL, APPELLANT, V. J. J. PSZANOWSKI ET AL., APPELLEES.
16 N. W. 2d 158

FILED OCTOBER 20, 1944. No. 31793.

*Gordon A. Nicholson,* for appellant.

*Kelso Morgan* and *Clarence E. Walsh, contra.*

*Nathaniel L. Goldstein, amicus curiæ.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-
MORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an appeal from the judgment of the district court
for Douglas county, Nebraska, denying Theodore Black-
well, petitioner and appellant, a writ of habeas corpus.

It appears from the bill of exceptions that on August 17,
1943, the governor of the state of California executed and
delivered a warrant of extradition to one Harry C. Dupree
authorizing the said Harry C. Dupree as agent of the state
of New York to take into custody the petitioner and to re-
turn him to the state of New York.

Dupree, pursuant to the warrant of extradition, proceed-
ed by train with petitioner in custody from California to-
ward New York. On the way either at Omaha, Nebraska,
or Council Bluffs, Iowa, on August 21, 1943, at about 11:15
p. m., petitioner escaped from the train and the custody of
Dupree. He remained at large until about September 14,
1943, when he surrendered to the police department of the
city of Omaha. Almost simultaneously with his surrender
he filed in the district court for Douglas county, Nebraska,
his application for a writ of habeas corpus, the pertinent
portion of which application is the following: "That the
said Theodore Blackwell was on the 14th day of Septem-
ber, 1943, unlawfully and without cause or authority seized
by the defendants and their agents, and imprisoned in the
City Jail of the City of Omaha, Douglas County, Nebraska,
and has been since the 14th day of September 1943 *be* kept,
confined and imprisoned in said jail, and is detained with-
out legal authority and without cause for detention, and has
been and is unlawfully deprived of his liberty thereby.
That no complaint has been filed against this petitioner."

To the application the proper respondents filed answer
and return, the pertinent portion whereof was in substance
that petitioner was being returned to the state of New York
by Harry C. Dupree pursuant to warrant of extradition is-
sued by the governor of California; that petitioner had es-

caped and that he was being held in custody for delivery to Dupree and for return to the state of New York.

A hearing was had on the application and answer and return, and evidence taken, whereupon a writ of habeas corpus was denied.

By recital in the warrant of extradition and in an acceptance of parole by petitioner from the executive department, division of parole, of the state of New York, it appears that on April 23, 1934, petitioner was, in the county court of Albany, New York, sentenced to serve a term of ten years at Clinton Prison for the crime of third degree burglary and that thereafter on January 16, 1941, he was released on parole by the executive department, division of parole, of the state of New York, under conditions which were accepted in writing by petitioner, a copy of which acceptance of parole is contained in the bill of exceptions.

Two of the conditions of the parole which were accepted by petitioner were the following:

"1.  I will proceed directly to New York City, the place to which I have been paroled and within twenty-four hours, I will make my arrival report to Mr. J. J. Robertson. * * *

"2.  I will not leave the State of New York or the community to which I have been paroled without the written permission of my parole officer."

These two conditions were violated.  Petitioner never did report to J. J. Robertson or any one else in New York City and within a short time after his release on parole he left the state of New York and has remained away continuously.

There are four assignments of error.  The first is that the court erred in denying the writ, since it appeared from the record that the applicant had been sentenced in the state of New York to a flat penitentiary sentence and had completed the sentence in full with "good time" off by reason of good conduct and work accomplished while in prison.

This contention is without merit when considered in the light of the record presented.  Except by recital in the extradition warrant issued by the governor of the state of

California and the further recital in acceptance of parole executed by the petitioner himself, both of which have been hereinbefore referred to, the record here is devoid of information as to criminal action in the county of Albany, New York, or of the judgment of sentence therein. There is no pleading or competent evidence of the judgment sentencing petitioner, of the controlling statutes of New York or of decisions of that state interpretative thereof.

If we assume that the record presents sufficient to permit the courts of this state to pass upon the question of whether or not petitioner had served out his sentence in New York we 'must do so in the light of the statutes and decisions of this jurisdiction particularly with regard to the law applicable when foreign law is relied upon but not pleaded and proved or admitted, and the effect of paroles from the penitentiary and the violation thereof.

As to the first of these propositions the rule established by the decisions of this court is that in the absence of pleading and proof to the contrary, the laws of another state will be presumed to be like our own. *Haggin v. Haggin,* 35 Neb. 375, 53 N. W. 209; *People's State Bank v. Smith,* 120 Neb. 29, 231 N. W. 141.

The statutes of this state declare the status of a parolee in case of violation of parole as follows: "If any prisoner in the judgment of the board shall violate the conditions of his parole or release as fixed by the board of pardons, he shall thereafter be treated as an escaped prisoner owing services to the state and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date of his arrest, shall not be counted as any portion or part of time served; and any prisoner at large upon parole or conditional release, who shall commit a fresh crime and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled; said second sentence to commence from the termination of his liability upon the first or former sentence." Comp. St. 1929, sec. 29-2628.

Interpretative of this section it is pointed out by this court in the following language that a parolee is only entitled to have credited on his sentence the time elapsing between the date when he was placed on parole and the date of his violation thereof: "If a convict breaks his parole, he is liable to serve out his maximum term, and the time of his escape, computed from its beginning to its end or time of retaking, is to be considered as not served, * * * ." *Sanclaer v. State,* 111 Neb. 473, 196 N. W. 686.

The date of declaration by the board that the parole had been violated is of no importance in so far as the length of time to be served after violation of the parole is concerned. The first point of the syllabus, which is reflective of the holding in the opinion, in *Sanclaer v. State, supra,* is the following: "Where a convict in the penitentiary is paroled, breaks his parole, and is retaken after a lapse of time, such time will not be counted as time served on his sentence, notwithstanding the declaration of his breaking or violating parole is not made by the prison authorities till after the retaking of the prisoner."

It follows then, if we accept the record as a competent basis for the determination of whether or not the petitioner had violated his New York parole, within the meaning of the statutes and decisions of this state, he owed service of time in the New York prison from which he had been released on parole.

The second error assigned is substantially that ten years having elapsed since the imposition of the sentence, the sentence must be considered as having been fully served. What has been said with regard to the first assignment of error is equally applicable here.

The third and fourth assignments have reference to a claim by petitioner in his testimony that in 1942 the state of New York had attempted unsuccessfully to obtain a warrant of extradition for petitioner from the governor of the state of Nebraska.

The record on this question contains no authentic evidence or information. The only evidence in the record is

the testimony of the petitioner which was duly objected to. The record of the requisition upon the governor of Nebraska was not offered in evidence at the hearing.

Assuming that extradition was sought from the governor of Nebraska by the state of New York, there is nothing to identify the basis of the application with the basis of the warrant of the governor of California.

In any event, we have been cited to no rule of law and have found none the tenor or effect of which is to say that the failure of the governor of an asylum state to grant extradition of a fugitive from justice from another state is binding upon the courts and *res judicata* of the right of the demanding state to have the fugitive thereafter delivered to its jurisdiction.

From an analysis of the record it becomes apparent that at the conclusion of the hearing in the light of the limit placed on the inquiry by the petitioner the trial court had but one question to determine and that was the regularity and sufficiency of the warrant of extradition. No question was raised as to its regularity or sufficiency or the sufficiency of the requisition which was its basis, therefore the writ of habeas corpus was properly denied.

The judgment of the district court is affirmed.

AFFIRMED.