No. 38,301

Marvin F. Bates, *Petitioner,* v. R. H. Hudspeth, Warden of the Kansas State Penitentiary, et al., *Respondents.*

(230 P. 2d 1006)

Opinion filed May 12, 1951.

*Marvin F. Bates,* pro se.

*Harold R. Fatzer,* attorney general, and *Willis H. McQueary,* assistant attorney general, were on the briefs for the respondents.

The opinion of the court was delivered by

Thiele, J.: This is an original proceeding for a writ of habeas corpus.

On February 6, 1946, in the district court of Montgomery County, Marvin F. Bates pleaded guilty to the offense of passing a worthless check for more than Twenty Dollars and was sentenced to the state penitentiary to serve a period of not less than one year nor more than five years. On November 1, 1947, Bates was paroled after having served one year and eight months of his sentence. On June 3, 1948, the state board of administration declared Bates delinquent and revoked his parole, the order of revocation showing that Bates still had one year, six months and eleven days to serve. An order issued for the arrest of Bates, who was then in prison in New Mexico. Before the order was served Bates became a prisoner in the State of Texas. Upon his release in Texas, Bates was returned to the Kansas state penitentiary on November 4, 1950.

On January 19, 1951, Bates commenced the present proceeding. The burden of his complaint is this—under the law he was required

to serve four years and six months to complete his five year sentence; he served one year, eight months and twelve days prior to his parole and is entitled to five months and ten days good time earned in that period, or a total of two years, one month and twenty-two days, and when he was paroled he needed to serve only two years, four months and twelve days to complete his sentence and that time added to his served time would make the date of his discharge about March 12, 1950; that he is entitled to time served on parole until such date as he was lawfully declared delinquent and a parole violator, and that he was entitled to a discharge on or about March 12, 1950; that from the time of his parole on November 1, 1947, to the date of his return to the penitentiary on November 4, 1950, he had not violated any of the conditions of his parole, and that he was unlawfully returned to Kansas. He further alleged that the offenses for which he was imprisoned in New Mexico and Texas were alleged to have been committed prior to the date of his parole, and that he had been unlawfully returned to Kansas in that he had not been lawfully declared a delinquent and a warrant issued declaring him a parole violator; that he was unlawfully compelled to return to Kansas from Texas, and by reason of the above he was entitled to his immediate discharge. Bates's motion for the writ of habeas corpus is verified and we treat it as his deposition.

The respondents' answer, likewise verified, with exhibits attached, shows that by action of the state board of administration Bates' parole was revoked on June 3, 1948, for violation of its terms; that Bates was returned to the penitentiary on November 4, 1950, and that the sentence imposed had not expired. The order revoking the parole and the order for the arrest of Bates as a parole violator each show that Bates had still to serve one year, six months and eleven days, and other exhibits show that the offenses for which Bates was convicted in New Mexico and Texas were committed while he was on parole. The record further shows that on November 1, 1950, Bates signed a waiver of extradition from Texas and voluntarily consented to accompany an officer of the State of Kansas as a prisoner from the State of Texas to the state penitentiary of Kansas for the purpose of answering the charge of parole violation.

Petitioner's contention that the time elapsing after he was paroled on November 1, 1947, counted as a part of his sentence and that such time had fully expired on or about March 12, 1950, cannot be sustained. Under G. S. 1935, 62-1528, if any prisoner shall violate

the conditions of his parole as fixed by the prison board he shall be declared a delinquent and shall thereafter be treated as an escaped prisoner owing service to the state and shall be liable, when arrested, to serve out the unexpired time of his maximum possible imprisonment and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any portion or part of time served. It is not necessary that we repeat all of the events and times involved. Our examination of the record discloses that the board of administration, under date of June 3, 1948, declared the petitioner delinquent because of a conviction of an offense committed in the state of New Mexico, and that at that date he owed service to this state for one year, six months and eleven days, and an order for his arrest then issued. Under the statute mentioned he was not thereafter to be credited with any time under his sentence. He was not apprehended and returned to the penitentiary until November 4, 1950.

It is clear from the above that petitioner is not entitled, as he contends, to credit for all time subsequent to his parole, but only to the time intervening between the parole and its revocation; that as of the date of revocation of parole he owed service to the State of Kansas for one year, six months and eleven days, to be served after he was apprehended and returned on November 4, 1950; that that time had not expired and on that ground he is not entitled to his release.

We need not discuss at any length whether the petitioner may question legality of the revocation of his parole on his asserted contention that he was declared delinquent on account of offenses committed prior to his sentence in Kansas and parole therefrom. The record discloses his factual statement is not correct and that his imprisonment in New Mexico resulted from conviction of an offense charged to have been committed January 2, 1948, at which time he was on parole from his Kansas sentence.

Nor need we treat his contention he was unlawfully extradited from Texas. As has been stated above, Bates waived extradition and returned voluntarily.

The writ prayed for is denied.