**Ezekiel BATES, Appellant,**

v.

**Hugh F. RIVERS, Executive, District of Columbia Board of Parole, et al., Appellees.**

**No. 17776.**

United States Court of Appeals District of Columbia Circuit.

Argued July 12, 1963.

Decided Aug. 15, 1963.

J. Skelly Wright, Circuit Judge, dis-sented.

Mr. Maurice R. Dunie, Washington, D. C. (appointed by this court), for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Gil Zimmerman, Asst. U. S. Attys., were on the brief, for appellees.

Before WILBUR K. MILLER, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

This is a declaratory judgment action arising out of revocation of parole by the District of Columbia Board of Parole in which appellant questions the legality of his continued imprisonment. The District Court granted the government's motion to dismiss. This appeal followed.

On April 12, 1957, appellant was sentenced by the United States District Court for the District of Columbia to a term of imprisonment of two to six years for assault with a dangerous weapon. On May 15, 1959, he was granted parole by the District of Columbia Board of Parole. D.C.Code Ann. § 24–204. On January 17, 1961, appellant was sentenced by the Municipal Court for the District of Columbia (now the Court of General Sessions) to ten days in jail on a conviction for intoxication. Thereafter on February 16, 1961, after hearing, appellant's parole was revoked. Although it is not clear from the record it appears that the drunkenness conviction was the basis for revocation of parole. If appellant had not violated a condition of his parole he would have been released from parole supervision on April 12, 1963. However, on revocation appellant was returned to prison to serve the unexpired portion of his original term, without credit for the time spent on parole. Appellant claims that he is entitled to the same credit against the service of his sentence for time spent on parole as he receives for time spent in prison.

The applicable provision of law is D.C. Code Ann. § 24–206, which provides in pertinent part:

"If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the

remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. *The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.*" (Emphasis added.)

See Jones v. Clemmer, 82 U.S.App.D.C. 288, 163 F.2d 852 (1947). The language of the statute is clear and the import of similar language under the general federal parole statute has been acknowledged in numerous cases.[1] Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247 (1923); Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L. Ed. 377 (1938); Howard v. United States, 274 F.2d 100 (8th Cir., 1960), cert. denied, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed. 1525; Looney v. Lenz, 217 F. 2d 841 (10th Cir., 1955), cert. denied, 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1285; Taylor v. Squier, 142 F.2d 737 (9th Cir., 1942), cert. denied, 323 U.S. 755, 65 S. Ct. 82, 89 L.Ed. 604. See Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Hammerer v. Huff, 71 App. D.C. 246, 110 F.2d 113 (1939); Johnson v. Wilkinson, 279 F.2d 683 (5th Cir., 1960). In light of these holdings there is no relief we can afford appellant.

Appeal dismissed.

---

[1]. 18 U.S.C. § 4205 provides, in part: "The unexpired term of imprisonment of any such prisoner shall begin to run *from the date he is returned* to the custody of the Attorney General under said warrant, and the time the prisoner was on parole, *shall not diminish* the time he was sentenced to serve. June 25, 1948, c. 645, 62 Stat. 854." (Emphasis added.)

[1a]. As appears from the limited record before us, appellant's parole was revoked and he was consequently physically imprisoned for 30 months—and the Government would have him locked up for 20 more—because while on parole he was convicted on a charge of intoxication and sentenced to jail for ten days. Whether or not this result is a punishment so "out of all proportion to the offense [as to] bring it within the ban against 'cruel and unusual punishments'" is a question to be considered another day. See Robinson v. California, 370 U.S. 660, 676, 82 S. Ct. 1417, 1425, 8 L.Ed.2d 758 (1962) (concurring opinion of Mr. Justice Douglas).

**J. SKELLY WRIGHT, Circuit Judge (dissenting).**

In April, 1957, upon conviction of assault with a dangerous weapon, appellant was by judgment in the usual form "committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of" two to six years. Appellant served 25 months in prison, 20 months on parole, and 30 months in prison once more following revocation of parole—a total of 75 months in the custody of the Attorney General, though the maximum sentence authorized by judgment was 72 months.[1a] Thus, appellant seeks declaratory relief in the nature of *habeas corpus* to set him free.

## I.

The Government contends that after parole revocation, in addition to serving in prison the time he had left to serve on parole, appellant must serve a day in prison for every day he has served on parole. It argues that because parole was subsequently revoked the time already spent on parole cannot be counted as time "in the custody of the Attorney General" pursuant to sentence.

But the Parole Board, as a matter of course, does credit time on parole as serving of the sentence when there is no subsequent revocation of parole. And so it must, under the statute. 24 D.C.Code § 204. The basis for this legislative requirement is that parole constitutes a form of custody; revocation resulting in full imprisonment is a mere change in the form of custody. See McCoy v. Har-

ris, 108 Utah 407, 414, 160 P.2d 721, 722 (1945); Note, 65 Harv.L.Rev. 309 (1951). In fact, parole and revocation thereof is but a part of the "administrative processes within the framework of prisoner rehabilitation and penal administration." Hyser v. Reed, 115 U.S.App. D.C. 254, 318 F.2d 225, 240; see Story v. Rives, 68 App.D.C. 325, 331, 97 F. 2d 182, 188, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938).

"A paroled prisoner can hardly be regarded as a 'free' man * * *" Hyser v. Reed, supra, 115 U.S.App.D.C. 254, 318 F.2d 225, 235. The Supreme Court long ago held that parole is "imprisonment in legal effect." Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247 (1923). And only this year the Supreme Court held that a parolee is "in fact, as well as in theory" in "custody." Jones v. Cunningham, 371 U.S. 236, 242, 83 S.Ct. 373, 376, 9 L.Ed.2d 285 (1963). Indeed, our statute itself provides that "[w]hile on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative * * *." 24 D.C. Code § 204 (1961). And the statute continually refers to parolees as "prisoners." 24 D.C.Code §§ 204–206. Like trusties or other prisoners allowed to remain for a time outside the prison walls, a parolee is not locked up, yet he is not free, he is a prisoner still.[2] Since the appellant has already served more than the 72 months maximum term of custody to which he was sentenced, he should now be released.

## II.

In our recent extensive treatment of parole problems in Hyser v. Reed, supra, this question was not before us. There seems to be only one case dealing with this issue under the District of Columbia parole statute.[3] 24 D.C.Code §§ 201–207. While we have been cited cases dealing with the United States parole system,[4] they are not conclusive upon us, for that system operates under another statute, 18 U.S.C. §§ 4201–4207 (1951). If we were to look elsewhere for persuasive authority on this point, we might note that under various statutes, the highest courts of several states[5] have included time spent in parole custody, prior to parole revocation, with time spent in physical incarceration, as time served on sentence.

The United States and the District of Columbia parole statutes differ in relevant sections. Had the appellant been under the custody of the United States Parole Board, upon revocation of parole the Board would have had authority to determine the length of time for which

---

**2.** "Granting of a parole does not change the status of a prisoner; it merely 'pushes back the prison walls' and allows him the wider freedom of movement while serving his sentence. The paroled prisoner is legally in custody the same as the prisoner allowed the liberty of the prison yard, or of working on the prison farm. The realm in which he serves has been extended. He is in the custody of the state and serving his sentence outside of the prison rather than within the walls." McCoy v. Harris, supra, 108 Utah at 414, 160 P.2d at 722.

**3.** Jones v. Clemmer, 82 U.S.App.D.C. 288, 163 F.2d 852 (1947).

**4.** E. g., Looney v. Lenz, 10 Cir., 217 F.2d 841, cert. denied 349 U.S. 965, 75 S.Ct. 898, 99 L.Ed. 1287, rehearing denied 350 U.S. 856, 76 S.Ct. 42, 100 L.Ed. 760 (1955); cf. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923).

**5.** E. g., State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557, affirmed 244 Ala. 594, 14 So.2d 561 (1943); Ex parte Casey, 160 Cal. 357, 116 P. 1104 (1911); see Ex parte Forbes, 108 Cal.App. 683, 292 P. 142 (1930); Ex parte Prout, 12 Idaho 494, 86 P. 275, L.R.A.,N.S., 1064 (1960); Overlade v. Wells, 234 Ind. 436, 127 N.E.2d 686 (1955); Bates v. Hudspeth, 171 Kan. 219, 230 P.2d 1006 (1951); see Ginivalli v. Frisbie, 336 Mich. 101, 57 N.W.2d 457 (1953); Ex parte Blackwell, 145 Neb. 256, 16 N.W.2d 158 (1944); People ex rel. Dote v. Martin, 294 N.Y. 330, 62 N.E.2d 217 (1945); People ex rel. Ingenito v. Warden, 267 App.Div. 295, 46 N.Y.S.2d 72 (1943), affirmed 293 N.Y. 803, 59 N.E.2d 174 (1944); compare Commonwealth ex rel. Tate v. Burke, 364 Pa. 179, 71 A.2d 241 (1950); Scott v. Chichester, 107 Va. 933, 60 S.E. 95, 16 L.R.A.,N.S., 304 (1908).

he should be imprisoned, up to the maximum of his period of sentence. 18 U.S.C. § 4205. Under the United States statute the length of time the parolee is to be imprisoned after revocation would be determined by the Board, on the basis of its wide information, to secure the most suitable treatment for the particular prisoner consistent with the interests of society. The District of Columbia Parole Board, by contrast, has no such power, and upon the revocation of parole the parolee must serve the full period remaining in his sentence. 24 D.C.Code § 206 (1961). Thus, even were the statutes to have the meaning ascribed to them by the Government, it is only under the District of Columbia system that the law itself requires the prisoner to serve an extra day in jail for each day he had been on parole.[6] Thus the two statutes raise different problems.[7]

### III.

In support of its contention that appellant's total time of custody be increased by the time spent on parole—until the time of physical incarceration equals the period of the original sentence—the Government relies upon a provision of the statute:

"\* \* \* If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced. \* \* \*" 24 D.C.Code § 206 (1961).

Under the Government's interpretation of this provision, the time on parole shall be *added* to the 72 months of time for which sentenced. But all the statute says is that time on parole shall not *"diminish* the time for which \* \* \* sentenced." 24 D.C.Code § 206 (1961). (Emphasis added.) The Government's argument proceeds on the invalid assumption that parole is not custody and that consequently, under the statute, "the time for which \* \* \* sentenced" may be served only behind prison walls. While the Government's interpretation may be a possible one, the provision on its face, when considered with the two preceding sentences, can also be taken to mean that a sentence may not be diminished for good conduct while on parole.

There are thus two interpretations of the statute which are possible on its face. Under the long tradition of the law, when one of the interpretations would raise constitutional issues, the other will be adopted to avoid "constitutional doubts."

---

6. This case does not involve the question of the time *after* violation of the terms of parole custody and *before reimprisonment as a parole violator*; as to such time it has been held that the violator of parole custody is in the same status as an escapee, and that such time does not count as time in custody. See Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Anderson v. Corall, supra Note 4; Story v. Rives, supra. The parole revocation warrant itself describes the parole violator as a "fugitive from justice" as a consequence of the violation.

Nor does this case involve forfeiture of "good time" credit upon revocation of parole. Though such time is normally deducted from the sentence, it does not represent time under the "custody and control" of the authorities and is counted against the sentence only by legal fiction or as a matter of grace. See Howard v. United States, 8 Cir., 274 F.2d 100, cert. denied, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525 (1960); Taylor v. Squier, 9 Cir., 142 F.2d 737, cert. denied, 323 U.S. 755, 65 S.Ct. 82, 89 L.Ed. 604 (1944).

It is quite a different matter to refuse to count as time in custody the period actually served on parole prior to an offense and revocation.

7. To the extent that some cases under the United States statute may involve the problem posed in this case, similar issues are raised, of course, by the United States statute.

See *United States* v. *Harriss,* 347 U.S. 612, 623, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *Dennis* v. *United States,* 341 U.S. 494, 501, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). It is so in this case, for refusal to count parole time as part of the period in custody would raise grave constitutional problems.

#### IV.

A unanimous Supreme Court has said this very year:

"* * * [I]n fact, as well as in theory, the custody and control of the Parole Board involve significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally. Petitioner is confined by the parole order to a particular community, house, and job at the sufferance of his parole officer. He cannot drive a car without permission. He must periodically report to his parole officer, permit the officer to visit his home and job at any time, and follow the officer's advice. He is admonished to keep good company and good hours, work regularly, keep away from undesirable places, and live a clean, honest, and temperate life. * * * [C]onditions and restrictions such as these * * * significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do. * * * While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom * * *." *Jones* v. *Cunningham, supra,* 371 U.S. at 242–243, 83 S.Ct. at 376–377, 9 L.Ed.2d 285.

Parole was once thought of as "a gift to the convict, an act of leniency" [8] for his private welfare, a "suspension" of sentence [9] during which all substantial control was eased. On such a theory parole time would not have to be taken as service of the sentence, even if there were no revocation during the entire time for which sentenced.[10] But all concerned with modern penology must realize now that parole is granted upon consideration of "the welfare of society." 24 D.C.Code § 204 (1961). As this court recognized in *Hyser* v. *Reed, supra,* 115 U.S.App.D.C. 254, 318 F.2d 225, 237–238, "the sentence is a process of treatment"; for at least some prisoners, parole is considered a more effective form of custody than physical incarceration, more likely to achieve society's goal of treatment of the prisoner to prevent future crimes. Parole, moreover, is a far cheaper method of custody than physical incarceration. 26 Fed.Prob. (No. 4) at 9 (Dec. 1962). If society chooses to have a prisoner serve part of his sentence outside prison walls, that determination represents an enlightened choice of methods of treatment, in the best interests of the general welfare. Parole is merely a modern form of exercise of "custody and control" by the authorities. *Jones* v. *Cunningham, supra,* 371 U.S. at 242, 83 S.Ct. at 376, 9 L.Ed.2d 285. When the period fixed by judgment for the prisoner's release from custody and control has arrived, he may no longer be held under the original sentence—no matter whether he has or has not had parole granted or revoked.

To keep him in confinement longer than called for by his sentence would be to deprive him of liberty without due process of law. The statute should not be read to require an unconstitutional confinement.

I respectfully dissent.

8. Note, 65 Harv.L.Rev. 309 (1957).

9. *Story* v. *Rives, supra,* 68 App.D.C. at 331, 97 F.2d at 188 (dictum).

10. Compare *Ex parte Mounce,* 307 Mo. 40, 269 S.W. 385 (1925) (judicial parole).