Richard A. HOWERTON, Appellant,

v.

Hugh F. RIVERS et al., Appellees.

No. 17989.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1963.

Decided Nov. 21, 1963.

Mr. Morton E. Yohalem, Washington, D. C. (appointed by this court) for appellant.

Mr. R. Daniel Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert B. Norris, Asst. U. S. Attys., were on the brief, for appellees.

Before PRETTYMAN, Senior Circuit Judge, and WILBUR K. MILLER and MC-GOWAN, Circuit Judges.

PER CURIAM.

In 1954 appellant was convicted on two counts of violating the federal narcotics acts (21 U.S.C. § 174 and 26 U.S.C. § 2553(a)) and was sentenced to concurrent terms of three to nine years. On July 21, 1960, after serving approximately six years of the sentence, the appellant was conditionally released; he had earned 864 days of mandatory good time pursuant to 18 U.S.C. § 4161, and 269 days of industrial good time pursuant to 18 U.S.C. § 4162. On June 7, 1962, having found that appellant had violated his parole, the District of Columbia Parole Board revoked his parole pursuant to 24 D.C.Code §§ 205–206; deprived him of all good time earned, namely, 1133 days; and committed him to serve the full term expiring May 2, 1965. The maximum sentence imposed in 1954 normally would have expired on July 30, 1963. The appellant sought to challenge his recommitment by writ of habeas corpus in the District Court. That court granted appellee's motion for summary judgment.

654

Appellant contends that the District Parole Board should have acted pursuant to 18 U.S.C. § 4205[1] and 18 U.S.C. § 4207,[2] rather than 24 D.C.Code §§ 205–206,[3] in revoking his parole, since appellant was convicted for a federal crime rather than for an offense made criminal by the District of Columbia Code. This distinction becomes important to the appellant because it is argued that the parole board would have had discretion under 18 U.S.C. § 4207 to recommit appellant for less than the full remaining sentence, while under 24 D.C.Code § 206 there is no such discretion.[4] Therefore, it is contended, since the Board purported to act under the D.C.Code, the action taken by it in this case was without benefit of any assumption by it of the

existence of such discretion; and this constituted error.

Appellant also argues that, in so far as the recommitment extends beyond the date upon which the maximum term imposed would have expired, the recommitment is not authorized by statute or, if so authorized, contravenes the Fifth Amendment.

■ We find no merit in either contention. It is clear that the 1932 act—the predecessor to the present provisions—establishing the D. C. Parole Board, transferred authority over prisoners held in District prisons to the D. C. Board. It is also clear that the provisions of the District parole act, rather than the federal parole law, were to be applied to

1. This section provides:
"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

2. This section provides:
"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.
"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.
"If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced."

3. Section 205 provides:
"If said Board of Parole, or any member thereof, shall have reliable information that a prisoner has violated his parole, said board, or any member thereof, at any time within the term or terms of the prisoner's sentence, may issue a warrant to any officer hereinafter authorized to execute the same for the retaking of such prisoner. Any officer of the District of Columbia penal institutions, any

officer of the Metropolitan Police Department of the District of Columbia, or any federal officer authorized to serve criminal process within the United States to whom such warrant shall be delivered is authorized and required to execute such warrant by taking such prisoner and returning or removing him to the penal institution of the District of Columbia from which he was paroled or to such penal or correctional institution as may be designated by the Attorney General of the United States."

Section 206 provides:
"When a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board. At such hearing he may be represented by counsel. The Board may then, or at any time in its discretion terminate the parole or modify the terms and conditions thereof. If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced. * * * *"

4. The appellant's brief points out this variance between the two parole schemes and assumes that such difference exists.

these prisoners. Sims v. Rives, 66 App. D.C. 24, 84 F.2d 871, cert. denied, 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402 (1936). See also, Story v. Rives, 68 App. D.C. 325, 97 F.2d 182, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938); Gould v. Green, 78 U.S.App. D.C. 363, 141 F.2d 533 (1944); Noll v. Board of Parole, 89 U.S.App.D.C. 206, 191 F.2d 653 (1951); and Clokey v. United States, 310 F.2d 86 (4th Cir. 1962). The Fourth Circuit case of Gilstrap v. Clemmer, 284 F.2d 804, does not point towards a different result, because the court was there dealing with the question of whether the federal parole law or the D. C. parole law applied to a person convicted under the D.C.Code.[5] Congress presumably can handle these varying situations in varying ways. Although it might be more logical for Congress to prescribe uniformity in the parole treatment of all United States prisoners, whether "D. C." prisoners or "federal" prisoners, it is not urged upon us in this proceeding that it has done so.

■■ As for the second contention, the question is not yet ripe for review. It is true that the maximum sentence would have expired on July 30, 1963, if it had run without interruption. However, the record shows that the appellant left this jurisdiction in violation of his parole sometime prior to August 18, 1961, and went to New York. Moreover, he was there convicted of a crime and imprisoned in a New York prison for at least eight months, being released on May 15, 1962. Under no theory could it be contended that his 1954 sentence ran during this period. Thus, the maximum time originally imposed would not expire until sometime in 1964, even if appellant's contention were accepted. In any case, we consider this court's opinion in Bates v. Rivers, 116 U.S.App.D.C. 306, 323 F.2d 311, as dispositive on the merits of the argument.

Affirmed.

---

5. The decision turned primarily upon the second paragraph of 24 D.C.Code § 206 which reads as follows:
   "In the event a prisoner is confined in, or as a parolee is returned to a penal or correctional institution other than a penal or correctional institution of the District of Columbia, the Board of Parole created by section 723a of title 18, U.S.Code, shall have and exercise the same power and authority as the Board of Parole of the District of Columbia had the prisoner been confined in or returned to a penal or correctional institution of the District of Columbia."