**Lloyd JOYNER, Petitioner,**

v.

**H. E. MOORE, Warden, Texas Department of Corrections, Respondent.**

**Civ. A. No. 63-H-363.**

United States District Court
S. D. Texas,
Houston Division.

Sept. 9, 1964.

Lloyd Joyner, pro se.

Waggoner Carr, Atty. Gen. of Texas, Sam Wilson, Asst. Atty. Gen., Austin, Tex., for respondent.

NOEL, District Judge.

Lloyd Joyner, hereinafter called petitioner, a prisoner in the custody of the State of Texas, has filed an application for a writ of habeas corpus.

On December 19, 1955, petitioner pled guilty to the offense of forgery and passing, and was sentenced by the Hidalgo County District Court to a term of not less than two nor more than seven years, with the sentence to be credited with 21 days time spent in jail. The petitioner was granted parole on August 15, 1958. The proclamation of parole provided that if parole were served satisfactorily, the discharge date would be May 2, 1960. It also provided that in the event of revocation of the parole, all time served on parole would be forfeited. On December 16, 1958, the petitioner's parole was revoked for violation of his parole conditions. On September 17, 1960, petitioner was convicted in California of another offense. After learning of this arrest a detainer was placed on him by the Texas authorities. He was released from California custody on September 16, 1962 and was extradited to Texas and placed in custody of the Texas Department of Corrections where he is presently confined.

Petitioner complains that he is being held in violation of his constitutional rights, since his confinement is pursuant to a judgment and sentence which has allegedly long since expired by its own terms. He asserts that, having received a sentence of not more than seven years to commence in November of 1955, it should have expired in November of 1962.

Petitioner's present custody, which is for a period amounting to all that time

remaining on his seven-year sentence at the time of his parole, is proper under the appropriate Texas statute. Article 781d, Section 22, of the Vernon's Ann. Texas Code of Criminal Procedure provides in appropriate part as follows:

> " * * * When the Governor revokes a prisoner's parole, he may be required to serve the portion remaining of the sentence on which he was released on parole, such portion remaining to be calculated without audit for the time from the date of his release on parole to the date of his arrest or charge of parole violation."

Petitioner's attack therefore must be upon the constitutionality of Article 781d, Section 22. The United States Supreme Court has in essence already passed upon the constitutionality of the statute insofar as it requires a parole violator to serve that portion of his parole time which elapsed after he had violated his parole. In Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938), and Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923), the Court held that a violator of parole custody is in the same status as an escapee, and that the amount of time out of custody which elapses after the parole violation does not count as time in custody. The parolee after violation of his parole is no longer considered in custody and, consequently, is no longer serving any time which could be credited to him.

 The petitioner having been paroled on August 15, 1958 and having violated his parole on December 16, 1958, is, at most, entitled to only four months credit for his parole time. He was originally in custody from November of 1955 until August of 1958, approximately two years and nine months; after being returned to Texas he has been in custody from September of 1962 to the date of this memorandum in September of 1964, approximately two more years. Thus, petitioner has served in custody, according to my mathematics, only four years and nine months, and even if he is entitled to credit for the four months he was on parole before the parole violation, then he has served only five years and one month of a seven-year sentence. Consequently, petitioner is not presently being unconstitutionally detained.

 Moreover, under the existing law, albeit no Supreme Court pronouncement, and although the recent Supreme Court case of Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) may have some effect upon this determination, a prisoner under appropriate state statutory regulation can be required to serve without violation of his constitutional rights all of the time he was out of custody once he violates his parole, even though some of that time occurred prior to the violation. See Howerton v. Rivers, 326 F.2d 653 (D.C.Cir. 1963); Bates v. Rivers, 116 U.S.App.D.C. 306, 323 F.2d 311 (1963); Woods v. Steiner, 207 F.Supp. 945 (D.Md.1962), and all cases cited therein.

Petitioner's application for writ of habeas corpus is therefore denied.