Linwood A. ARRINGTON, Appellant,

v.

Anderson McGRUDER, et al., Appellees.

No. 73–1037.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 13, 1973.

Decided Jan. 25, 1974.

Robert Plotkin, Washington, D. C., appointed by this Court, with whom Howard L. Feinstein and Julian Tepper, Washington, D. C., were on the brief, for appellant.

James M. Hanny, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John H. Bayly, Jr., Asst. U. S. Attys., were on the brief for appellees.

Before BASTIAN, Senior Circuit Judge, and TAMM and WILKEY, Circuit Judges.

BASTIAN, Senior Circuit Judge:

Appellant Linwood A. Arrington was arrested and charged with indecent act on a minor child and sodomy in violation of 22 D.C.Code §§ 3501(a),[1] 3502.[2] He was found guilty and sentenced on September 17, 1960, to a term of from 3 to 10 years on the sodomy conviction and from 3 to 10 years on the indecent act conviction—the sentences to run concurrently. Parole was granted on December 10, 1965, and Arrington was placed under the supervison of the District of Columbia Board of Parole until October 6, 1970; but on March 3, 1967, a warrant for parole violation was executed, and Arrington was remanded to custody. He was released a second time on March 11, 1968, but a second parole violation warrant was issued on July 7, 1969, and appellant was again returned to custody. Thereafter, he was transferred to a work release program on September 9, 1971, but absconded 11 days later and on December 6, 1971, was returned to the District of Columbia Jail where he remained until April 26, 1973, when he was again transferred to the work release program.

Arrington filed a petition for a writ of habeas corpus on September 7, 1972, alleging that it was unlawful for the Parole Board to hold him beyond his maximum release date (October 6, 1970). That petition was dismissed on September 21, 1972, and this appeal followed.

I

Although appellant's ultimate release date was originally October 6, 1970, the practical effect of his parole violations, in light of 24 D.C.Code § 206,[3] has been

---

1. 22 D.C.Code § 3501(a) provides:

Any person who shall take, or attempt to take any immoral, improper, or indecent liberties with any child of either sex, under the age of sixteen years with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years.

2. 22 D.C.Code § 3502 provides:

Every person who shall be convicted of taking into his or her mouth or anus the sexual organ of any other person or animal, or who shall be convicted of placing his or her sexual organ in the mouth or anus of any other person or animal, or who shall be convicted of having carnal copulation in an opening of the body except sexual parts with another person, shall be fined not more than $1,000 or be imprisoned for a period not exceeding ten years. Any person convicted under this section of committing such act with a person under the age of sixteen years shall be fined not more than $1,000 or be imprisoned for a period not exceeding twenty years. And in any indictment for the commission of any of the acts, hereby declared to be offenses, it shall not be necessary to set forth the particular unnatural or perverted sexual practice with the commission of which the defendant may be charged, nor to set forth the particular manner in which said unnatural or perverted sexual practice was committed, but it shall be sufficient if the indictment set forth that the defendant committed a certain unnatural and perverted sexual practice with a person or animal, as the case may be: *Provided,* That the accused, on motion, shall be entitled to be furnished with a bill of particulars, setting forth the particular acts which constitute the offense charged.

3. 24 D.C.Code § 206 provides:

When a prisoner has been retaken upon a warrant issued by the Board of Parole, he shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board. At such hearing he may be represented by counsel. The Board may then, or at any time in its discretion, terminate the parole or modify the terms and conditions thereof. If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The time a prisoner was on parole shall not be taken

to extend that date to November 27, 1974. The maximum date is set ahead because Section 206 does not allow for credit for time spent on parole. That is, a parole violator must return to incarceration to serve the balance of his original sentence and loses the time which he spent on parole before the violation.

█ Appellant argues that since his original sentence was 10 years, his continued confinement by the Parole Board beyond October 6, 1970, is a deprivation of liberty without due process of law. This argument was rejected in Bates v. Rivers, 116 U.S.App.D.C. 306, 323 F. 2d 311 (1963), a case which did not reach the question of the statute's constitutionality, but held, on the authority of Jones v. Clemmer, 82 U.S.App.D.C. 288, 163 F.2d 852 (1947), that the language of the statute is clear and unambiguous.

The language of Section 206 is similar to its counterpart in the federal probation scheme, 18 U.S.C. § 4205,[4] which has consistently been sustained against constitutional attack.[5] Appellant argues that Section 206 is different from Section 4205 in relevant aspects and that those cases which uphold the constitutionality of Section 4205 do not dictate an identical result with respect to Section 206. The basic distinction, however, lies in the express provision of Section 4207 which provides that after a parole revocation, "the said prisoner may be required to serve *all or any part of the remainder* of the term for which he was sentenced." (Emphasis added.)

Appellant would have us hold that the D.C. Board's lack of discretion to resentence the parole violator for "part of the remainder of the term" is a crucial difference between the two sections. But this appears to be a distinction without a difference since the federal parole authorities may nevertheless detain a parole violator for the entire balance of his original term. Furthermore, although the D.C. Board of Parole does not have the statutory authority to commit a parole violator for less than the entire balance of the term, it may (as it did in the present case) reparole the prisoner at a later date. Thus the effect is the same. The crucial language, however, which provides that "the time the prisoner was on parole shall not diminish the time he was sentenced to serve", is identical in both statutes. It has already been noted that this provision in the federal statute has consistently withstood constitutional attack.

The issue here does not involve the question of the time *after* violation of the terms of parole custody and *before reimprisonment as a parole violator*; as to such time, it has been held that the violator of parole custody is in the same status as an escapee, and that such time does not count as time in custody. *See* Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). As to the time *after parole* and *before* the parole violation, the statutory language is clear and unambiguous. Bates v. Rivers, *supra*. To hold, as appellant would have us do, would be to frustrate the clear intent of Congress to provide some discipli-

into account to diminish the time for which he was sentenced.

In the event a prisoner is confined in, or as a parolee is returned to a penal or correctional institution other than a penal or correctional institution of the District of Columbia, the Board of Parole created by section 723a of title 18, U.S.Code, shall have and exercise the same power and authority as the Board of Parole of the District of Columbia had the prisoner been confined in or returned to a penal or correctional institution of the District of Columbia.

4. 18 U.S.C. § 4205 provides:

A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve.

5. *See* Bates v. Rivers, 116 U.S.App.D.C. 306, 323 F.2d 311 (1963) and cases cited therein.

·nary powers in the Parole Board; without this necessary check on parolees the board might be more reluctant to grant parole to more deserving prisoners. Zerbst v. Kidwell, *supra*.

In light of the safeguards provided upon parole revocation,[6] we cannot say that continued imprisonment as a result of parole violations and pursuant to the clear language of Section 206, which extends beyond the original release date, is a deprivation of liberty without due process of law. That Congress might have selected a different statutory scheme for parole does not render the present scheme unconstitutional.

## II

Appellant also contends that the failure of the District Court to grant credit for time served in pre-trial and pre-sentence confinement is a violation of his guarantee to equal protection of the law as well as the law and public policy of the District of Columbia. We need not reach the constitutional ques-

tion as there is another basis on which to decide this issue.

This Court held in Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966):

> Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we *will conclusively presume it was given*. [Footnote omitted.] The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given, we feel, outweigh any possible unfairness. (Emphasis added.) *Id.* at 104, 367 F.2d at 330.

In the present case, appellant was sentenced to two concurrent 3 to 10 year terms. However, he faced a possible 20 year sentence on the Sodomy count as the victim was under 16 years of age. Accordingly, the *Stapf* presumption applies, and we are unable to afford appellant any relief.

The judgment of the District Court is affirmed.

---

6. Morrisey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L. Ed.2d 656 (1973).