Opinion.

---

# Richmond.

### Scott v. Chichester, Sergeant, etc.

#### January 23, 1908.

1. Criminal Law—*Suspension of Sentence—Parole—Violation—Computation of Time—Increased Punishment.*—A prisoner serving a jail sentence cannot be paroled by the judge of the court during good behavior, and upon default remanded to jail to serve out the original term of his confinement, without counting the period during which he was out on parole. There is no law in this state authorizing such a practice. During the period of his parole he is morally and actually under the restraint of his parole, and under the orders of the jailor. To exclude the time while out on a parole, would be, for same offence, to impose upon the prisoner another and additional punishment to that originally pronounced.

Error to a judgment of the Corporation Court of the city of Fredericksburg.

*Reversed.*

The opinion states the case.

*Carter & Carter* and *F. W. Coleman,* for the plaintiff in error.

*G. R. Swift,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

George Scott, *alias* Dinkey Scott, filed a petition in the corporation court of the city of Fredericksburg, complaining that

he was unlawfully detained in the custody of J. C. Chichester, sergeant of said city, and praying for a writ of *habeas corpus* from that court, which was awarded; and upon the answer of the sergeant being filed, the court refused to discharge the prisoner and remanded him to the custody of the sergeant. To that judgment this writ of error was awarded.

From the answer of the sergeant of the city of Fredericksburg it appears, that on the 21st day of March, 1907, the prisoner was sentenced in the corporation court of the city of Fredericksburg to a term of eight months in the jail of that city, for an unlawful assault; that on the 10th day of August following, counsel for the prisoner moved the court to suspend the sentence and judgment against the prisoner, and upon the hearing of this motion, the court granted it, and allowed the sergeant (who is the jailor) of the city to permit the prisoner to leave the confines of the prison and to go at large; the motion being granted, it would seem, because the prisoner's health required that he should be permitted to have fresh air and out-door exercise; that on the 28th of October, 1907, the prisoner was tried before the mayor of the city of Fredericksburg on a charge of fighting, and was found guilty and sentenced to pay a fine of five dollars and the costs of the prosecution, which he immediately paid, and upon the suggestion of the attorney for the commonwealth, that the prisoner was out of jail on probation, he was by the mayor remanded to jail to await the action of the corporation court; that on the 1st day of November the prisoner was brought before the corporation court of the city of Fredericksburg and placed at bar in the custody of the sergeant, and his counsel moved the judge of the court to rehear the evidence before the mayor on which the prisoner had been convicted by the mayor; but this motion was either withdrawn or the court refused to consider it, except in the nature of an appeal from the decision of the mayor's court, and upon the hearing it was held that the prisoner "had violated the terms

of his parole of August 10, remanded the prisoner back to jail in charge of the sergeant to serve out the residue of his term of imprisonment of March 21, 1907, where he has since been and is now kept in obedience to the order of the judge of the corporation court given in open court."

The term of imprisonment in the jail of the city of Fredericksburg for eight months, as above stated, began on the 21st day of March, 1907, and expired at 12 o'clock, midnight, on November 20, 1907; therefore, if he was not legally restrained from and after 12 o'clock, midnight, November 20, 1907, he was entitled to his discharge from custody, and the corporation court of the city of Fredericksburg erred in the judgment complained of.

The only ground upon which the court rests its ruling in refusing to discharge the prisoner is, that he was only out of the custody of the jailor from August 1907, to October 28, 1907, on parole, and therefore, the court had a right to remand him to the custody of the jailor to serve out the full term of eight months prescribed in the sentence of March 21, 1907; in other words, it is not claimed that there is any law authorizing the action of the corporation court, but it is based solely upon a practice which seems to have prevailed in that court of paroling prisoners confined in jail upon their good behavior, and for default on the part of the prisoner, he is remanded to jail to serve out the original term of his confinement, without counting the period during which he was out of the custody of the jailor on parole.

No one can be confined in prison in this commonwealth, except by authority of law, and the practice shown by this proceeding cannot be too severely condemned. The result of the practice in this case is, that the prisoner was sentenced to serve another and additional punishment than that pronounced upon him on March 21, 1907, for instead of eight months' confinement in jail, he would suffer for the same offence eight months'

confinement in jail, and, for the period between August 10 and October 28, 1907, partial confinement, while physically out of jail, but morally and actually under the restraint of his parole, and under the orders of the jailor.

It is true that, where a prisoner wrongfully escapes from jail during his term of confinement and is taken, he may be made to suffer actual confinement beyond the time when his sentence expires, if it run continuously for a period of time equal to that during which he was wrongfully at large; and the reasoning for this is, that a man shall not be permitted to take advantage of his own wrong. *Cleek* v. *Com'th,* 21 Gratt. 777. But that is not this case, for here there was no "escape," no "wrong," or any offence committed by the prisoner of which he seeks to take advantage; and the very terms of the parole upon which he was not actually confined in the jail of the city of Fredericksburg between August 10 and October 28, 1907, were that if for any reason the prisoner was returned to jail, it would be to serve out the "balance of his term"—that is, the term of eight months, which expired at midnight on November 20, 1907.

In *Ex parte Lange,* 85 U. S., 21 L. Ed. 872, while the court recognizes the general principle asserted as applicable to both civil and criminal cases, that the judgments, orders and decrees of the courts of this country are under their control during the term at which they are made, so that they may be set aside or modified as law and justice may require, the opinion holds that even this power cannot be so used as to violate the guaranties of personal rights found in the common law and in the constitutions of the states and of the Union. "If there is anything settled in the jurisprudence of England and America, it is that no man shall be twice punished by judicial judgments for the same offence."

In this case it clearly appears from the answer of the sergeant of the city of Fredericksburg, that the detention of the prisoner in the custody of the sergeant after the expiration of his

sentence of confinement, which expired at midnight on November 20, 1907, is illegal and void; and, therefore, the corporation court erred in not discharging the prisoner therefrom, and its judgment will be reversed and annulled, and this court will enter the order that the corporation court should have entered, discharging the prisoner from custody.

*Reversed.*