## Richmond

Donald J. Burgess v. W. K. Cunningham, Jr., Superintendent of
the Virginia State Penitentiary, Etc.

November 30, 1964.

Record No. 5906.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Buford M. Parsons, Jr. (G. Kenneth Miller,* on brief), for the
petitioner.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button,
Attorney General,* on brief), for the respondent.

Snead, J., delivered the opinion of the court.

The petitioner, Donald J. Burgess, invoked the original jurisdic-
tion of this court pursuant to § 88 of the Constitution of Virginia,
Code, § 17-97 and Rule 1:4, Rules of Court, and filed a petition and
an amended petition for a writ of *habeas corpus ad subjiciendum*
against W. K. Cunningham, Jr., Superintendent of the Virginia
State Penitentiary (C. C. Peyton, now Superintendent, substituted
respondent). The petitioner alleges that he is being wrongfully
detained beyond the term of his sentence because of the respondent's
failure to allow him credit for the time he was out on parole.

On July 29, 1958, the petitioner was convicted of robbery in the Court of Hustings for the City of Portsmouth and sentenced to serve a term of eight years in the State penitentiary. The sentence was subsequently commuted to seven years and eight months because the petitioner donated blood. On April 26, 1960, the petitioner was released on parole by the Virginia Parole Board. The Board ordered the petitioner to comply with the customary general conditions of parole and also certain special conditions. The order of release containing those provisions, to which the petitioner agreed, is printed in the margin.[1]

---

[1] "In accordance with Title 53, Chapter 11, Code of Virginia, you have been granted parole, subject to the following parole conditions, and if accepted, your release from Southampton Farm is directed on April 26, 1960.

"You are placed under the custody and control of the Virginia Parole Board. The Parole Board may at any time extend your period of parole. YOU WILL REMAIN UNDER SUPERVISION UNTIL YOU RECEIVE THE FINAL ORDER OF DISCHARGE FROM THE PAROLE BOARD.

"Your minimum date of release from supervision is June 5, 1963.

"It is the order of the Parole Board that you shall comply with the following general and special conditions of parole. The general conditions are as follows: (a) Refrain from the violation of any penal laws and ordinances. (b) Live a clean, honest, and temperate life. (c) Keep good company and good hours. (d) Keep away from all undesirable places. (e) Work regularly. When out of work, notify your Parole Officer at once. (f) Do not leave or remain away from the community where you reside without permission of your Parole Officer. You shall not change your residence without the permission of your Parole Officer. (g) Contribute regularly to the support of those for whose support you are legally responsible. (h) You shall not own or operate a motor vehicle until you have received the written permission of your Parole Officer. (i) You shall not be permitted to own or have in your possession any legal firearms at any time while on parole, except with the written permission of your Parole Officer. (j) Submit in writing, once a month, a report on forms as prescribed by the Parole Board unless excused by your Officer. (k) Permit your Parole Officer to visit your home and place of employment at any time. (l) Follow the Parole Officer's instructions and advice. The law gives him authority to instruct and advise you regarding your activities.

"The special conditions ordered by the Parole Board are:

"Home: Mr. Aaron Burgess, 7129 First Avenue, North, Birmingham, Alabama (Father)

"Employment: Tuckers Shell Service Station, Birmingham, Alabama

"You are hereby advised that under the law the Parole Board may at any time revoke or modify any conditions of this parole. You shall be subject to arrest, for cause, upon order of the Parole Board or without order, for cause, by the Parole Officer. At any time within the period of your parole or within the maximum period for which you might originally have been sentenced for the offense for which you were convicted, the Parole Board may, if it sees fit, for cause, have you returned to the institution from which you were released to serve the unserved portion of your sentence or any part thereof.

"You will proceed immediately upon your release by the most direct route and report as follows:

On October 27, 1962, the petitioner was arrested and returned to the penitentiary for violating the conditions of his parole. On November 16, 1962, the Board revoked the petitioner's parole. He had been out on parole two years, six months, and one day.

The petitioner has presented one issue for our determination: "* * * whether or not a prisoner is entitled to credit upon the term of his sentence for time spent upon parole but subject to the control, restriction and direction of the Virginia Parole Board."

The answer to the question involves an interpretation of Code, § 53-256, which reads: "Time on parole not counted as part of term.—The time during which a parolee is *at large on parole* shall not be counted as service of any part of the term of imprisonment for which he was sentenced upon his conviction." (Italics supplied).

The petitioner contends that during the period of parole he was not "at large on parole" within the meaning of § 53-256. He argues that he was "at large" only from the time that a warrant issued for his arrest until the time that he was apprehended. The respondent, on the other hand, contends that the petitioner is bound by the plain meaning of the words "at large on parole" as they appear in § 53-256.

Section 53-260 provides that when a warrant issues for the arrest of a parolee, the parolee shall be treated as an escaped prisoner and that "* * * the time from the issuing of such warrant to the date of his arrest shall not be counted as any part of the time to be served under his sentence."

Section 53-262 reads: "Whenever any parolee is arrested and recommitted * * * The Board, in its discretion, may revoke the parole and order the reincarceration of the prisoner *for the unserved portion of the term of imprisonment originally imposed upon him,*

"In person to Mr. Ray C. Parnell, Parole Supervisor, 414 Court House, Birmingham, Alabama.

"The Parole Board has released you on parole because it believes that you will be sincere in your efforts to live up to the above conditions and thus benefit yourself as well as the community.
"BY DIRECTION OF THE VIRGINIA PAROLE BOARD
CHARLES P. CHEW
Member, Virginia Parole Board
"I agree that in the event I am arrested in any state or jurisdiction of the United States or any of its possessions for violation of this parole or for the commission of another offense, I will waive extradition and will return voluntarily to the state of Virginia.
"I have read and/or had explained to me the above and by signature or mark below acknowledge receipt of this parole and agree to the conditions set forth.
(Signed)    DONALD J. BURGESS
Parolee"

or it may reinstate the parole either upon such terms and conditions as were originally prescribed or as may be prescribed in addition thereto or in lieu thereof." (Italics supplied).

It is manifest from a reading of §§ 53-256, 53-260 and 53-262 that the General Assembly intended that a parolee is not entitled to have his parole time, either before or after the issuance of a warrant for his arrest, credited upon his sentence.

In 39 Am. Jur., Pardon, Reprieve and Amnesty, § 93, p. 577 it is said:

"* * * In other courts, perhaps a majority, it has been held that a parole operates as a suspension of the convict's sentence during the liberty so granted, so that on a violation of its terms the convict may be compelled to serve the full portion of his term which was unexpired when the parole was granted. This conclusion is reached in some jurisdictions by virtue of the terms of statutes, or by the terms of the parole."

In *The People* v. *Doras*, 290 Ill. 188, 192, 125 N. E. 2, 4, the court had this to say: "* * * When on parole the convict cannot be said to be imprisoned in the penitentiary. While he is still under the control of the State during his term of parole, it does not follow that he is serving a term of imprisonment in the penitentiary."

In the case of *In re Patterson*, 94 Kan. 439, 146 P. 1009, Patterson sought a writ of *habeas corpus*. The district court, pursuant to statutory authority, had paroled Patterson upon certain conditions and restrictions. The statute provided in part: "If a parole shall be terminated, the time such person shall have been *at large on parole* shall not be deducted from the time he shall be required to serve, but the full amount of the fine shall be collected or the full time in jail be served, the same as if no parole had been granted." (Italics supplied).

Patterson's parole was revoked by the court for violation of its terms. It was contended by Patterson in the *habeas corpus* proceeding that he had been denied due process of law because his parole was revoked without notice, a hearing or the filing of an affidavit for his re-arrest. In denying the writ, the Supreme Court stated in part: "* * * Although the prisoner is conditionally released, the sentence is not set aside nor is the offense expiated. He is still under the supervision of the court and subject to be remanded to prison if he fails to perform or violates the conditions of the parole. * * * The failure of the convict to observe the conditions of a parole is

not a new offense, and the revocation of the parole and the returning of the convict to prison is not an added punishment for the offense of which he was convicted nor a punishment for any other offense, but it is rather a disciplinary regulation of prison management in carrying out the sentence of the law already imposed and growing out of the effort to ameliorate the condition of the convict. * * *."

In *Wilborn* v. *Saunders*, 170 Va. 153, 195 S. E. 723, the Governor pardoned Wilborn, who had been sentenced to serve several terms in the penitentiary, upon certain conditions. Wilborn was required to report to the clerk of the court in which he was convicted immediately upon his release and each month thereafter until the terms for which he was sentenced had expired. Another condition provided that if he was ever again found guilty of a violation of the penal laws of the Commonwealth the pardon would become null and void. Subsequent to the expiration of the sentences imposed, Wilborn was convicted for violating the penal laws of the Commonwealth. The Governor revoked his pardon and ordered that he be returned to the penitentiary to serve such portion of the sentences as had not been served on the date the conditional pardon was granted.

The prisoner contended that during the period that he was directed to report to the clerk of the court he was still in custody and should be given credit for that time. We held that reporting to the clerk was merely a compliance with one of the conditions imposed and in no sense should this period be considered a part of the execution of the sentences. We said:

"The policy of the State, as expressed in the probation or parole statutes, denies to the paroled prisoner credit for the time that he is at large on parole." 170 Va. at p. 162.

The petitioner does not challenge the constitutionality of Code, § 53-256. He takes the position that during the period of parole he was not "at large on parole" and hence the provisions of § 53-256 are not applicable.

In support of his position, he cites *Jones* v. *Cunningham*, 371 U.S. 236, 83 S. Ct. 373, 9 L. ed. 2d 285, 92 A.L.R. 2d 675. In that case it was held, among other things, that since Jones was on parole under certain restraints he was "in custody" of the Virginia Parole Board, and that such custody, within the meaning of the Federal *habeas corpus* statute, entitled him to invoke the *habeas corpus* jurisdiction of the United States District Court. 28 U.S.C.A. § 2241.

The *Jones* case did not decide the issue here presented and thus it is not controlling.

The petitioner also relies upon *Scott* v. *Chichester*, 107 Va. 933, 60 S. E. 95. There, Scott was sentenced to a term of eight months in jail. Later, a motion to suspend the sentence and judgment was granted and Scott was paroled. Thereafter, he was convicted of another offense, his parole was revoked, and he was remanded to jail to serve out the original term of his confinement. We pointed out that there was no law authorizing the parole procedure followed by the court, but held that Scott was entitled to receive credit on his jail sentence for the time he was out on parole under supervision of the sergeant. Suffice it to say that at the time of the decision in the *Scott* case there was no statute in force, such as § 53-256, which precluded the counting of time while at large on parole as service of any part of the sentence imposed. Hence, the *Scott* case is not applicable here.

The petitioner argues that he was not "at large" because he was in the custody of the Parole Board and subject to certain conditions and restraints. He asserts that a person cannot be "at large" and controlled at the same time. But the petitioner overlooks the fact that § 53-256 reads "at large on parole". These words must be considered together, and they apply to any prisoner who has been released from the penitentiary or other place of confinement subject to parole provisions.

Here, the petitioner was informed of the terms of his parole as set forth in the release order. The order specifically provided that the Parole Board could, for cause, return him to prison to serve "the unserved portion" of his sentence. The petitioner agreed to the terms of his parole in writing, and as a result he was released from confinement. He would now in effect repudiate this agreement.

We hold that the petitioner was "at large on parole" within the meaning of § 53-256 and that by its express terms he is not entitled to have his parole time credited upon the sentence imposed. To hold otherwise would destroy the salutary effect of the parole system.

For the reasons stated, the petition for a writ of *habeas corpus ad subjiciendum* is denied.

*Writ denied.*