**Welton HAMRICK, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 9909.**

United States Court of Appeals Fourth Circuit.

Argued June 29, 1965.

Decided July 22, 1965.

Jack T. Hamilton (Court-assigned counsel), Charlotte, N. C., for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen., of Virginia, on brief), for appellee.

Before BOREMAN and J. SPENCER BELL, Circuit Judges, and THOMSEN, District Judge.

J. SPENCER BELL, Circuit Judge:

Because the district court refused to grant his petition for a writ of habeas corpus, Welton Hamrick has prosecuted this appeal. For the reasons set out hereinafter, we affirm the judgment below.

In 1942 the petitioner was convicted of murder in the Corporation Court of the City of Alexandria, Virginia, and received a sentence of eighteen years. Had he not escaped from custody or been paroled, his sentence would have expired in October, 1954. However, Hamrick escaped once in 1946 and twice in 1949, and because of these offenses, he not only lost the good conduct allowance he had earned but he also received several additional sentences for escape, one of which he is presently serving. Barring any further improper conduct, the petitioner's current sentences will expire on September 15, 1966.

On December 5, 1955, Hamrick was released on parole. Almost five years later he was arrested for violating certain conditions of his parole. His parole was subsequently revoked, and the unserved portion of his sentences was reinstated. It is his parole revocation and the sentence reinstatements that followed it which give rise to Hamrick's present complaints.

He alleges that his fundamental rights have been abridged in two respects: (1) because he was not afforded an opportunity to have counsel appointed to represent him at a parole revocation hearing and (2) because the time he spent on parole was not counted as time served on his sentences. As for his first contention, it appears to us that this point has not yet been presented to the state courts, as required by 28 U.S.C.A. § 2254. Because of this fact and also because Hamrick has raised issues [1] involving an interpretation of the Virginia statutes dealing with parole revocation procedures which we think should appropriately be considered first by the Virginia courts, we decline to pass upon the merits of this contention at this time.

Hamrick's second assertion raises a claim that he has been subjected to double jeopardy because even though his freedom and activities were restricted while he was a parolee, a Virginia stat-

---

1. The petitioner's court-assigned counsel also contends that since § 53–262 of the Virginia Code, the provision dealing with the revocation of paroles, does not require a hearing before this action is taken, the statute is unconstitutional. However, Hamrick received a hearing before his parole was revoked.

ute [2] precluded any of the time on parole from being credited against his sentences when his parole was revoked. The petitioner rests his case on the rationale of Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), a decision which held that a prisoner on parole was "in custody" within the meaning of 28 U.S.C.A. § 2241 so that he could challenge on constitutional grounds the state court sentence on which he had been released under the control and supervision of the state parole board. It does not logically follow from the holding in Jones that a state may not exclude time on parole from the computation of service of a term of imprisonment. Thus the reasoning of Jones is inapposite here.

██ We find no constitutional defect in the Virginia procedure which denies to a parole violator any credit on his reinstated sentences for the time spent on parole.[3] The same procedure about which the petitioner complains has long been applicable to federal prisoners, and more than four decades ago, it was upheld by the Supreme Court. Anderson v. Corall, 263 U.S. 193, 196, 44 S. Ct. 43, 68 L.Ed. 247 (1923). The same double jeopardy argument advanced here by Hamrick was considered and rejected by the Eighth Circuit in Hedrick v. Steele, 187 F.2d 261, 262–263 (1951), a decision which we find persuasive. See also Taylor v. Squier, 142 F.2d 737 (9 Cir.), cert. denied, 323 U.S. 755, 65 S.Ct. 82, 89 L.Ed. 604 (1944); Di Pippa v. Willingham, 199 F.Supp. 733 (M.D.Pa.), aff'd per curiam, 296 F.2d 730 (3 Cir. 1961); Burgess v. Cunningham, 205 Va. 623, 139 S.E.2d 110 (1964).

No violation of the petitioner's constitutional rights having been shown, the district judge properly dismissed his habeas application.

Affirmed.

2.  § 53–256, Code of Virginia (1950).

3.  Hamrick further claims that because of his escapes from prison, he not only received additional sentences but he also

lost the good time credit he had earned and was thus subjected to double jeopardy. We agree with the district court that this claim is without merit.