Hazel Newby CREASY, Petitioner,

v.

Grady A. McCONNELL, Sheriff of Montgomery County

and

Evelyn LEAKE, Superintendent of the Virginia Industrial Farm for Women, Respondents.

Civ. A. No. 66–C–93–R.

United States District Court
W. D. Virginia,
Roanoke Division.

Dec. 2, 1966.

John M. Goldsmith, Goldsmith & Jenkins, Radford, Va., for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the Court upon a petition for a writ of habeas corpus by Hazel Newby Creasy, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

The petitioner is presently serving a sentence of twenty (20) years for first degree murder; said sentence having been imposed by the Circuit Court of Montgomery County, Virginia, on February 26, 1966. She was confined to the Montgomery County jail by the respondent, Grady A. McConnell, custodian of said jail, and is now at the Virginia Industrial Farm for Women under the custody of the respondent, Evelyn Leake.

Following her conviction on February 26, 1966 petitioner failed to file a notice of appeal and assignment of error within the sixty (60) day period required by the Virginia Rules of Court, Rule 5:1, Section 4. In spite of this lapse of time, petitioner did, on June 22, 1966, file with the Virginia Supreme Court of Appeals a petition for writ of error and supersedeas and urged the state high court to grant her request even though the time for appeal had expired. The reasons for this were submitted in oral argument to Justice Buchanan of the Supreme Court of Appeals. It was argued "that a state rule of procedure should not block an appeal when grave constitutional issues are present, especially where neither damage nor undue delay was incurred by the state."[1]

1. Quote from page 2 of supplemental memorandum on question "Have State Remedies Been Exhausted?"

This argument was not accepted by the state high court and on October 5, 1966 it ruled that the petition for a writ of error and supersedeas to the judgment be rejected and the writ refused on the ground that the appeal was not perfected in accord with the time limits set up by the Rule of Court 5:1, Section 4.

Petitioner now comes to this federal district court, as noted above, on a petition for a writ of habeas corpus.

Faced, as we are, with the basic premise of 28 U.S.C. § 2254 that the Federal Court will not undertake the consideration of a habeas corpus petition until the petitioner has exhausted his state remedies, we are here confronted with the question of whether this petitioner has thus exhausted her state remedies. We do not think so, and we shall seek to review further the facts and law applicable to this case.

The petitioner cites Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), as authority for the proposition that she has exhausted all the available state remedies and has thus complied with 28 U.S.C. § 2254. The *Noia* case is a leading case on the question of exhaustion of state remedies and it does stand for the proposition that "§ 2254 is limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court." Fay v. Noia, supra, p. 435, 83 S.Ct. p. 841. But this Court believes that there is presently a state remedy which is open to the petitioner and which was open to her at the time she filed her application for habeas corpus in federal court. That remedy is state habeas corpus.

Petitioner maintains in her supplemental memorandum on the question of exhaustion of state remedies, at page 2, that because of Rule 5:3, section 7 [2] of the Virginia Rules of Court she is forever barred from "any further oral presentation of the reasons for review."

Petitioner concludes on page 2 that since " * * * this remedy is forever barred and was no longer available to your petitioner at the time her application for writ of habeas corpus was filed" she has therefore complied with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, supra.

With this conclusion this Court cannot agree. As we read Rule 5:3, Section 7, set out in part in footnote two, petitioner, having once presented oral argument to Justice Buchanan of the Supreme Court of Appeals on her reasons for granting the writ of error, is now precluded from oral presentation to any other Justice or to the court *on the petition for a writ of error.* But the petitioner is not precluded by this rule from later returning to the Supreme Court of Appeals to argue her petition for a writ of habeas corpus which would be a completely different petition.

This Court notes that on page 19 of the petition for writ of error filed with the Supreme Court of Appeals, petitioner concluded by saying that, if the court would not make an exception to Rule 5:1, Section 4, regarding the sixty (60) day time limit, then she prayed that the court would "consider this Petition for a Writ of Error as a Petition for Habeas Corpus, requiring, of course, the Petitioner to give the necessary procedural notices."

That the Supreme Court of Appeals has jurisdiction to entertain a petition for habeas corpus in the first instance is settled.[3] The Court is given original, but not exclusive jurisdiction,[4] over habeas corpus petitions by § 88 of the Constitution of Virginia, Virginia

---

**2.** Rule 5:3, Section 7: *"Oral Argument on Petition.* When counsel for the petitioner desires to state orally the reasons for reviewing the judgment or decree complained of, he shall so state in the manner required by § 2 of this rule * * * Oral argument before a Justice shall be a waiver of the right to oral presentation to any other Justice or to the court."

**3.** Burgess v. Cunningham, 205 Va. 623, 139 S.E.2d 110, 111 (1965).

**4.** Hall v. Verdel, 40 F.Supp. 941, 945, (1941).

Code § 17–97 and Rules of Court 1:4. If the Supreme Court of Appeals had considered the petition for writ of error as a petition for habeas corpus and had dismissed the petition and denied the writ of habeas corpus, then there would be no doubt that petitioner would have exhausted her state remedies. But there is nothing in the record, other than petitioner's request, which gives any suggestion that the petition for writ of error was considered by the Virginia high court as a petition for a writ of habeas corpus. The opinion of the Supreme Court of Appeals says in pertinent part,

> The *petition* of Hazel Newby Creasy *for a writ of error and supersedeas* to a judgment rendered by the Circuit Court of Montgomery County * * * *having been maturely considered* * * *the court being of opinion that the appeal was not perfected in the manner required by law* for the reason that the notice of appeal and assignments of error were not filed within 60 days after final judgment as required by Rule of Court 5:1, Section 4, *doth reject said petition and refuse said writ of error and supersedeas.* (Emphasis added.)

Additionally, the Supreme Court of Appeals did not docket petitioner's application and direct her to proceed under the Rule of Court 1:4 as it would have to have done if it intended to hear the petition as a petition for a writ of habeas corpus.

▪ Therefore this federal district court holds that the petitioner has not exhausted her state remedies in that she has not pursued the relief which may be found in state habeas corpus. We hold that she has not been heard by the Supreme Court of Appeals on a petition for habeas corpus and the Virginia court's dismissal of her writ of error petition does not preclude her from being heard in that court—either initially or on appeal from a state circuit court habeas corpus decision.

▪ In terms of power or jurisdiction, this federal court can entertain this petition for a writ of habeas corpus because "federal court jurisdiction is conferred by the allegation of an unconstitutional restraint and is not defeated by anything that may occur in the state court proceedings." Fay v. Noia, supra, 372 U.S. p. 426, 83 S.Ct. p. 842. But the doctrine of abstention by the federal court until all state remedies have been exhausted allows the States "full play * * * in the administration of their criminal justice without prejudice to federal rights enwoven in the state proceedings." Fay v. Noia, supra, p. 419, 83 S.Ct. p. 838. " '[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *' " Fay v. Noia, supra, pp. 419–420, 83 S.Ct. p. 838. The doctrine of comity

> " ' * * * teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761. The rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.' "

Fay v. Noia, supra, p. 420, 83 S.Ct. p. 838.

Although this Court will not entertain this petition because of the failure to exhaust the state remedies, still we are mindful that petitioner raises non-frivolous questions of constitutional dimensions involving alleged violation of the fourth, fifth and fourteenth amendments to the United States Constitution. She has the privilege of now pursuing a writ of habeas corpus under Virginia Code § 8–596, as amended in 1958, in (1) the circuit court or corporation court of the county or city in which she is detained or (2) the court which entered the original judgment order of conviction complained of in the petition. If she is aggrieved by the decision there, she has the privilege

of presenting her grievances to the Supreme Court of Appeals of Virginia. Additionally, she can proceed directly to the Supreme Court of Appeals if she so desires on habeas corpus. No one can say that such procedure would amount to an exercise in futility. There are countless decisions which demonstrate that the state courts give careful, painstaking and able consideration to habeas corpus petitions and we rest confident that such will be the case here.

We suggest that the entire record of proceedings in the trial in the Circuit Court for Montgomery County should be made a part of the record so that the state court will have the whole picture before it.

The request of petitioner for bail pending the determination of her post conviction remedies will be, and hereby is, denied.

It is further ordered and adjudged that the petition be dismissed and the writ of habeas corpus denied because the petitioner has not exhausted her state remedies.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondents.