Jewell Hawthorne

v.

Richard Hawthorne

December 14, 1979

Case No. 1289

By JUDGE L. PAUL BYRNE

On October 14, 1979, the Court received a verified petition for a writ of habeas corpus with an attested copy of the decree of dissolution of marriage entered by the Superior Court, County of Maricopa, State of Arizona, on September 20, 1977, attached as exhibit "A." An examination of the Arizona decree disclosed that custody and control of the minor child, Matthew Hawthorne, was awarded to the petitioner, Jewell Hawthorne, mother of the child, subject to reasonable rights of visitation with the respondent, Richard Hawthorne, father of the child, and granting the father minimal visitation with the child of two weekends per month plus two weeks during each Summer. The petition alleged among other things that the child had been sent to Virginia in June of 1979 to visit with the father pursuant to the Arizona decree and that the father had refused to return the child to the petitioner.

Finding probable cause that the child was being illegally detained, this Court, on October 14, 1979, issued a writ pursuant to Virginia Code § 8.01-654, as amended, requiring the respondent, Richard Hawthorne, to produce the child before this Court on October 16, 1979, at 4:00 o'clock p.m. The petition and writ were served on the respondent by posted service on October 15, 1979, pursuant to Virginia Code § 8.01-296(2)(b), as amended.

On October 16, 1979, at 4:00 o'clock p.m., the respondent failed to appear and produce the child and this Court issued a show cause order, dated October 19, 1979, against the respondent returnable to this Court on October 22, 1979, at 9:30 o'clock a.m.

On the same date, this Court enjoined the parties from proceeding further in the Juvenile and Domestic Relations District Court for Dinwiddie County, Virginia, and divested said Court of jurisdiction since the same subject matter was before this Court in the habeas corpus proceeding. You will note that this Court enjoined the parties and not the Juvenile and Domestic Relations District Court. Further, an examination of the record will disclose that service of process of the petition in the Juvenile and Domestic Relations District Court was not effected until October 19, 1979, five days after this Court had assumed jurisdiction and issued its writ against the respondent and the same day on which this Court granted injunctive relief and divested the Juvenile and Domestic Relations District Court of jurisdiction.

It was not the intention of this Court to violate the laws of the Commonwealth of Virginia nor to usurp the jurisdiction of the Juvenile and Domestic Relations District Court without legal authority or precedent for its action.

The general jurisdiction of the Circuit Courts of the Commonwealth is found in Section 17-123 of the Code. This section confers original and general jurisdiction of all cases in chancery and civil cases at law. This is potential jurisdiction which, after valid

service of process on the parties, gives the Court active jurisdiction and empowers it to hear the case and enter a valid judgment therein. See County School Board v. Snead, 198 Va. 100 (1956). By authority of this section the territorial jurisdiction of the Circuit Court in such cases is co-extensive with the State. See James v. Powell, 154 Va. 96 (1930).

This Court recognizes that the Supreme Court of Virginia is given original jurisdiction over habeas corpus petitions under Article VI, § 1, of the Constitution of Virginia, Rule 5:5 of the Rules of Court and § 17-97 of the Code of Virginia, but such jurisdiction is not exclusive. See Creary v. McConnell, 262 F. Supp. 697 (W.D. Va. 1966). The legislature conferred concurrent jurisdiction in such proceedings on the Circuit Courts of the Commonwealth by § 8.01-654, subsection A, of the Code, as follows:

> The writ of habeas corpus ad subjiciendum shall be granted forthwith by any Circuit Court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority. (Emphasis added)

This Court can find no authority conferring such jurisdiction on the Juvenile and Domestic Relations District Courts under the Constitution or the statute law in Virginia.

This Court concedes that § 16.1-241 of the Code of Virginia confers exclusive original jurisdiction on the Juvenile and Domestic Relations District Courts in all matters involving the custody, visitation, support, control or disposition of a child within the geographical boundaries of its authority, except in the case of a child whose custody, visitation or support is a subject of controversy or requires determination. In the latter case, § 16.1-241, subsection A(3) provides that in such cases jurisdiction shall be concurrent with but not exclusive of courts having equity jurisdiction, as provided in § 16.1-244 of the Code.

On the issue of retention of jurisdiction by the Juvenile and Domestic Relations District Court, once obtained, § 16.1-242 of the Code provides:

> When jurisdiction has been obtained by the Court in the case of any child, such jurisdiction may be retained by the court until such person becomes twenty-one years of age, except the person is in the custody of the department or when jurisdiction is divested under the provisions of § 16.1-244. (emphasis added).

The applicable portion of § 16.1-244 of the Code preserves the concurrent jurisdiction of Courts of equity to determine the custody of a child upon a writ of habeas corpus under the law and provides that when a Circuit Court has taken jurisdiction thereof the Juvenile and Domestic Relations District Courts shall be divested of such jurisdiction, the pertinent language of which is set forth below:

> Section 16.1-244. Concurrent jurisdiction. A. Nothing contained in this law shall deprive any other court of the concurrent jurisdiction to determine the custody of children upon a writ of habeas corpus under the law, . . . provided that when a Circuit Court shall have taken jurisdiction thereof by entry of an Order relating to custody, . . . the Juvenile and Domestic Relations District Courts shall be divested of such jurisdiction. . . . (Emphasis added).

Further, § 8.01-620 of the Code provides that every Circuit Court shall have jurisdiction to award injunctions, whether the judgment or proceeding enjoined be in or out of the circuit, or the party against whose proceedings the injunction be asked resides in or out of the circuit.

In view of the above, the writer submits that there is ample legal authority for this Court to

entertain the habeas corpus proceedings and statutory authority for it to divest the Juvenile and Domestic Relations District Court of jurisdiction. This is particularly true when the same issue, i.e., custody of the child, is the subject matter of the habeas corpus proceeding and the petition in the Juvenile and Domestic Relations District Court.

The writer is not unmindful of the provisions of § 8.01-621 of the Code, but respectfully submits that it applies only to venue and not jurisdiction. It has been held to be directory and not mandatory and is applicable only to a pure bill of injunction. It is not applicable to a bill seeking other relief, to which the injunction sought is merely ancillary. See Winston v. Midlothian Coal Mining Company, 61 Va. (20 Gratt.) 686 (1871); McKenry v. Staunton Hill Club, 12 Va. L. Reg. (n.s.) (1925); and County School Board v. Snead, supra.