# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Franklin Roosevelt Wallace

v.

Earl A. Crawley, etc., et al.

August 27, 1987

Case No. 188-FB

By JUDGE FRED W. BATEMAN

This matter comes before this Court on a petition for a writ of habeas corpus by Franklin Roosevelt Wallace, who contends that a certain warrant issued by the Parole Board of Virginia on September 19, 1984, was issued after the expiration of his maximum term of incarceration and therefore invalid. He further contends that the detainer resulting from the warrant is complicating his incarceration status in the State of North Carolina.

The petitioner, who is an inmate incarcerated by the North Carolina Department of Corrections, resulting from a felony conviction, was convicted in the Newport News Circuit Court on April 11, 1978, and sentenced to a term of ten years in the penitentiary. It is undisputed that he entered the Virginia Corrections System on July 3, 1978, however, he was entitled to have his maximum sentence computed from March 8, 1978, because of his incarceration.

Under favorable conditions, and consistent with statutory policy, the petitioner would have been entitled to release after serving approximately six years and four months of the ten year sentence. However, the petitioner was accorded parole on May 15, 1981, and was, according to the records, released from custody pursuant to the

parole on June 15, 1981, after serving only three and one-half years of his total sentence.

The petitioner's contention that his term of incarceration should have expired on July 9, 1984, (some two months and ten days prior to the parole violation warrant on September 19, 1984) is misguided.

Article 3, of Title 53.1 of the 1950 Code of Virginia, as amended, and specifically Section 53.1-156, is applicable to the issue raised herein. This Section specifically provides that the period in which an individual is free on parole is not to be counted toward his total sentence. This Section is supported by the Virginia case, cited by the Attorney General, *Burgess v. Cunningham*, 205 Va. 623 (1964), which explains that a parole operates as a suspension of the sentence so that the parolee, upon violation of his terms of parole, could be compelled to serve the full portion of his term which was unexpired when the parole was granted.

The petitioner's condition of parole, which was received by Mr. Wallace evidenced by his signature thereon, clearly stated that his minimum date of release from supervision was November 3, 1984, and he was further instructed that if he was released from custody by the U. S. Marshal and North Carolina authorities prior to November 3, 1984, he was to report immediately to the Virginia Post Release Supervisor.

It is the opinion of the Court that the warrant issued by the Parole Board on September 19, 1984, was issued prior to November 3, 1984, and was valid.

Policies and practices of the North Carolina Corrections System are not before this Court and, indeed, the manner in which they value Mr. Wallace's status with the Virginia Corrections System is a matter that should be taken up with an appropriate agency in that jurisdiction.

The relief sought in the petitioner's writ is refused and this matter will be dismissed from the docket.